# NICHOLS *v.* LEVY

No. 3038

May 4, 1934.

32 P. (2d) 120.

*Platt & Sinai,* for Appellant:

*Cantwell & Springmeyer,* for Respondent:

## OPINION

By the Court, DUCKER, J.:

This is an action for the foreclosure of mechanics' liens. The appellant is the owner of a building on Virginia Street in Reno, Nevada, and the land upon

which it is situated. She leased the premises to Henry's of Hollywood, Inc., Limited, Joseph Berliner, and Morris Berliner, for a term of twenty years. The lessees entered into the possession of said leased premises on or about the 9th day of August, 1931, and immediately commenced to make alterations, repairs, and improvements thereon. Respondent, who was plaintiff in the court below, and intervening lien claimants furnished materials and labor which were used in such work. The lower court rendered judgment against the lessees for the amount of the claims for labor and material, and made and entered a decree of foreclosure of the liens against the building and premises. This appeal is taken from the judgment and decree, and also from the order denying a motion for a new trial.

1, 2. Appellant asks a reversal on a number of grounds. She insists that her property was not subject to the liens for the reason that she caused to be posted nonliability notices upon the building and filed a duplicate original thereof with the county recorder, together with an affidavit showing such posting. The statute under which she makes this claim reads: "Every building or other improvement  *  *  *  constructed upon any lands with the knowledge of the owner  *  *  * shall be held to have been constructed at the instance of such owner  *  *  *  and the interest owned or claimed shall be subject to any lien filed in accordance with the provisions of this chapter, unless such owner  *  *  * shall, within three days after he shall have obtained knowledge of the construction, alteration or repair, or the intended construction, alteration or repair, give notice that he will not be responsible for the same, by posting a notice in writing to that effect in some conspicuous place upon said land, or upon the building or other improvement situate thereon, and also shall, within five days after such posting, file a duplicate original of such posted notice with the recorder of the county where said land or building is situated, together with an affidavit attached thereto showing such posting of the original notice. Such filing shall

be prima facie evidence of said posting." Section 3743 N. C. L.

On this phase of the case, the trial court made the following finding: "That as part and parcel of the alterations and improvements made by said lessees on said premises, the front wall of said building was entirely torn down and thereafter rebuilt in altered form, the original doors and windows being taken out from said front and never restored thereto; that the work of demolishing said front wall was done at the inception of the making of such alterations and improvements, to-wit, on the 10th, 11th and 12th days of August, 1931; that on the said 11th day of August, 1931, and at a time when the work of wrecking and demolishing said front wall was actually under way, the defendant, Mildred Cecelia Levy, by her agent, posted two copies of notice of non-liability on said premises, in the form annexed to her answer filed herein, one of which said notices was by her agent posted on the front door of said premises and the other notice on the frame work of a show window in said front; that within a day, or at the most two days thereafter, said front door and said window frame were detached from said front without said notices being in any manner, or at all, reposted or permitted to remain in a conspicuous place on or about said premises; that at the time said agent of said defendant so posted said notices he knew and ought to have known that neither of the notices by him so posted would remain posted a sufficient length of time to give effective or any notice; That said notices so posted where they would be necessarily torn down and destroyed in the making of the improvements and alterations then in progress would not under ordinary conditions remain posted a reasonable length of time, and did not in fact remain posted a reasonable length of time and were not effective to give the statutory notice. That on the 12th day of August, 1931, a true and exact duplicate carbon copy of said notice, with the proper affidavit as required under the statute pertaining thereto, was recorded in

the office of the county recorder in the City of Reno, County of Washoe, State of Nevada."

The evidence appears in the bill of exceptions, and it supports these findings. We must determine, therefore, whether the conclusion of the trial court that the posting found to have been made was not sufficient to comply with the requirement of the foregoing statute was legally deducible from the findings.

It may be admitted that the front door and the framework of a show window in front were conspicuous places on the building. But the statute is not satisfied by a mere posting in a conspicuous place. It requires the owner to give notice by such posting. The plain implication of the provision then is that the notice shall be so posted that under ordinary conditions it will remain displayed for a reasonable length of time. This is the construction given the statute in Phillips v. Snowden Placer Co., 40 Nev. 66, 160 P. 786, 791. The court in that case said: "A notice must be so posted as under ordinary conditions it will remain a reasonable length of time; otherwise there would be no object in posting a notice at all."

We think the decision in Phillips v. Snowden Placer Co., supra, is controlling in this case. In that case this court held that a notice posted at the collar of a mine shaft which the owner, when he entered into an agreement with the contractor, knew would necessarily be destroyed in preparing the shaft for mining operations, and which was so destroyed prior to the contractor's employment of the claimants, was not binding upon the claimants.

So here the court found the agent knew that the notices posted by him would not serve the purpose of the statute.

The work of tearing down the front wall was the first work done in the alteration of the building. It was in progress, as the court found, when the notices were posted and within a day, or at the most two days thereafter, the front door and the show window frame on which the notices were posted were detached from

the front and removed. That these notices did not give actual notice to the plaintiff or other lien claimants was established. None of them ever saw either of the notices except the lien claimant Holliston, who did the plastering. He never saw any notice until the last day of his work, October 12. On that date he removed the door leaning against the wall of the building and found the notice tacked to the door on the side that was next to the wall.

It is contended that the notices were sufficient to give the notice required by the statute for the reason that, because of the alteration of the entire building, there was no other conspicuous place where a notice would remain posted for a longer period of time. This contention is without merit. The statute, as we have seen, requires the owner to give notice by posting a notice in writing to the effect that he will not be responsible in some conspicuous place upon the land or upon the building or other improvement situate thereon, to avoid liability. It does not appear from the record that there was no place upon the premises in question on which notice of nonliability could have been made effective.

3. There is also no merit in appellant's contention that the duplicate carbon copy of the posted notices with statutory affidavit attached, recorded in the county recorder's office on August 12, 1931, furnished the required notice to respondent and intervening lien claimants. This is only prima facie evidence of the posting. Section 3743. There is no dispute in regard to the posting of the notices as found by the court, but, as previously stated, such posting was not effective.

4. Appellant insists that lien rights could not have attached because, as she claims, the evidence established that the labor and materials furnished by plaintiff and the lien claimants decreased the value of the property. In support of this contention it is argued and cases are cited to the effect that the general theory upon which liens to laborers, mechanics, and materialmen are given is that by the labor, or the use of the material, the property has been enhanced in value. However this may be,

our lien laws do not express or imply such a condition for the attaching of lien rights. In passing on the question, the court in Hardwood Interior Co. v. Bull, 24 Cal. App. 129, 140 P. 702, 703, in construing the lien law of California, said: "While it may be true, as suggested by appellant, that the theory upon which the mechanic's lien law is based is that the owner receives a benefit which he is estopped to deny, yet our statute does not seem to contemplate, as an essential prerequisite to the existence of a lien under it, that the owner must be benefited by the labor bestowed or the materials furnished."

In Chamberlain v. City of Lewiston, 23 Idaho, 154, 129 P. 1069, it was held that the right to a lien is not dependent upon the value of the property on which the labor was performed, or for which the material was furnished being enhanced thereby.

But the question has already been determined by this court adversely to appellant's contention in Richmond Machinery Co. v. Bennett, 48 Nev. 286, 229 P. 1098, 1099, 232 P. 1082, 235 P. 1117. We said in that case: "The contention made is based upon the theory that the property of the Argus Company was in no way benefited by the improvements put on the mill. Our statute provides that the real estate upon which improvements are placed with the knowledge of the owner shall be subject to a lien, unless the owner posts a notice to the effect that he will not be liable. There is no exception provided in the statute within which the Argus Company falls, and we do not feel justified in reading an exception into it. It is a broad, comprehensive statute, but contains a provision whereby the Argus Company might have relieved its property of all liability had it seen fit to do so. We see no escape from the plain language of the statute."

As the statute does not embrace a condition that the property on which labor is expended or for which materials are furnished must be enhanced in value by reason thereof before lien rights will attach, we may not supply it.

5. It is contended that, as the only relationship

which existed between appellant, as the owner of the property, and the lessees who contracted for the labor and materials, was that of lessor and lessees, no lien rights could attach to the property. On the other hand, respondent insists that the terms of the lease are such as to create a contractual relationship which authorized the liens. We need not determine this dispute. Under section 3743, employment of the labor or purchase of the materials by the owner of the building or his agent is not necessary to the attaching of lien rights on the part of the laborer or the person who furnished the materials. If the owner has knowledge of the same, lien rights are deemed to attach unless the required notice is given. This was recognized in Gould v. Wise, 18 Nev. 253, 3 P. 30, 31, wherein the court said: "But the interest of the owner may be subjected to lien claims, notwithstanding the labor and materials have not been furnished at his instance, if, knowing that alterations or repairs are being made or are contemplated, he fail to give notice that he will not be responsible therefor, as provided in section nine of the act." See Rosina v. Trowbridge, 20 Nev. 105, 17 P. 751.

As stated in Verdi Lumber Company v. Bartlett, 40 Nev. 317, 161 P. 933, section 3743 imposes an active duty upon the owner to repudiate liability for improvements made or materials furnished without his consent within three days after acquiring knowledge thereof, and by his failure to do so, he is, in effect, estopped from denying the authority of his tenant or other person authorizing the improvements, because of which the property must be held subject to a lien.

The claim is also made by appellant that the lien for materials could not attach because it was not shown that the same had been furnished "to be used" on the premises. We think it sufficiently appears that the materials were furnished for that purpose.

6. Lastly it is insisted that the claim of Leslie E. Johnson to a lien is without right. The circumstances concerning this claim of lien are as follows: The materials for which the lien is sought were furnished

by Jesse E. Smith Company. After furnishing the materials, Jesse E. Smith Company made a general assignment for the benefit of creditors to said Johnson in which was included the account for such materials. Subsequently Johnson reassigned the debt to Jesse E. Smith Company and the latter then filed claim of lien. Thereafter the company assigned the lien to Johnson. We see nothing in these transactions which can affect the validity of the lien. The reassignment of the debt by Johnson to Jesse E. Smith Company reinvested the company with its claim for materials furnished. The assignment of the perfected lien was permissible under the statute. It reads in part: "All liens under this act shall be assignable as any other chose in action." Section 3751 N. C. L.; State v. Breen, 41 Nev. 516, 173 P. 555.

Under the facts stated, we are not called upon to determine whether an inchoate right to a lien is assignable under the statute.

In Noll v. Kenneally, 37 Neb. 879, 56 N. W. 722, relied upon by appellant, the facts were different. There the account for materials was transferred to plaintiff, and, after the transfer, the materialmen attempted to perfect a lien and assign the same to plaintiff. It was held that the materialmen could not perfect a lien because they had disposed of their claim. True, the court also held that the transfer of the debt before filing the claim for a lien extinguished the right to a lien on the premises. But we are of the opinion, as previously stated, that the retransfer of the account to Jesse E. Smith Company operated as a revival of its right to perfect a lien.

The judgment and order denying a new trial are hereby affirmed.