ELDORADO–RAND MINING COMPANY, A CORPORATION, ET AL., APPELLANT, *v.* OSCAR THOMPSON, RESPONDENT.

ELDORADO–RAND MINING COMPANY, A CORPORATION, ET AL., APPELLANT, *v.* JOHN MANTON, RESPONDENT.

No. 3177

March 5, 1937.                    65 P.(2d) 878.

*Ham & Taylor,* for Appellant:

410

*Albert A. Hinman,* for Respondents:

## OPINION

By the Court, DUCKER, J.:

Actions for foreclosure of mechanics' liens. Consolidated. The judgment of the district court is in favor of the lien claimants.

Appellant is the owner of the mining claims involved, and on September 24, 1934, leased them to John McGinniss, Sr., John McGinniss, Jr., and James T. McDonald for a term of five years. The lessees immediately entered into possession. The two complaints, which are identical save as to plaintiffs, respectively, allege: "That between the 18th day of December, 1934, and the 20th day of June, 1935, both dates inclusive, plaintiff performed work, labor and services in and upon said mining claims for the defendants, Eldorado-Rand Mining Company, John McGinniss, Sr., John McGinniss, Jr., and each of them at their special instance and request, for which said defendants, and each of them agreed to pay to plaintiff the sum of Five Dollars ($5.00) per day, amounting to the sum of Seven Hundred and Forty Dollars ($740.00)."

A second cause of action is stated in each complaint for a penalty pursuant to chapter 139, Stats. 1925, p. 226, section 2785 N. C. L.

The respondents, Thompson and Manton, each testified in his own behalf, and the court found the facts as alleged. Numerous errors are assigned.

■ It is contended that the court erred in rendering judgment against appellant for the sum of $150 on each complaint as penalties for the nonpayment of wages. The statute authorizing such a penalty reads: "Whenever an employer of labor shall hereafter discharge or lay off his or its employees without first paying them the amount of any wages or salary then due them, in cash, lawful money of the United States, or its equivalent, or shall fail, or refuse on demand, to pay them in like money, or its equivalent, the amount of any wages or salary at the time the same becomes due and owing to them under their contract of employment, whether employed by the hour, day, week or month, each of his or its employees may charge and collect wages in the sum agreed upon in the contract of employment for each day his employer is in default, until he is paid in full,

without rendering any service therefor; *provided, however,* he shall cease to draw such wages or salary thirty days after such default."

The point is made that under the terms of the statute, the penalty may be adjudged only against an employer, and that respondents were not employed by appellant. Clearly the statute is susceptible of no other interpretation, and the evidence shows that respondents were not so employed, but by one Pat Shea, foreman for the lessees. Counsel for respondents concedes this in his brief by the following statement: "The lessees entered into possession of said premises pursuant to the terms of said lease, and through their foreman, Pat Shea, employed the respondents to perform work upon the premises. * * * "

The written lease appears in evidence and there is nothing in its terms giving ground for a conclusion that in contracting for the employment the lessees were acting as agents of appellant. It was error for the trial court to find for respondents on this branch of the case, and decree the amounts found as penalties.

We find that the first causes of action are supported by substantial evidence.

■ It is contended that the court committed error in rendering a personal judgment against appellant for the sums found due. The judgment, in our opinion, is not susceptible of such construction.

True, the judgment is in the form of a personal judgment to recover from appellant the amounts of respondents' respective claims, but that does not make it a personal judgment. The judgment is clearly designed to enforce the lien, for it directs only a sale of the described lode mining claims belonging to appellant, and that the proceeds be applied to the satisfaction of respondents' claims. It does not provide for execution against appellant for the deficiency, if any, for the residue of such judgment. There could be no personal judgment against appellant because the evidence discloses that it

is not personally liable for the improvements. 40 C. J. 498. The trial court did not err in this regard.

■ Appellant insists that the trial court was not authorized under the evidence to adjudge respondents' claims for work liens against its property. It is conceded that the evidence is conflicting as to the performance of such work, but argued that it is not lienable because it did not enhance the value of the property. There is no merit in the contention. We have recently decided that increase in value of premises by work done upon it is not indispensable to the attaching of a lien therefor. Nichols v. Levy, 55 Nev. 310, 32 P. (2d) 120.

■ It is further contended that some of the work is not lienable because done on a road running on and off the mining property. There was no error in this regard. We think that such work is within the purview of section 3735 N. C. L.

■ The claim that the liens were not filed in apt time is untenable. The labor performed by respondents terminated on the 20th day of June 1935, and these liens were filed on the first day of August 1935. Labor liens may be filed for record not later than ninety days after the completion of the work. Section 3739 N. C. L.; Nellis v. Johnson, 57 Nev. 18, 57 P. (2d) 392.

■ Refusal of the court to grant a motion for a nonsuit is assigned as error. Appellant may not now be heard to complain of this because it waived the right by presenting its case. Butzbach v. Siri et al., 53 Nev. 453, 5 P. (2d) 533.

■ Denial of the motion for a new trial is assigned as error. In support of this assignment it is urged that the property was not subject to the liens because appellant caused a notice of nonresponsibility to be duly posted and filed pursuant to section 3743 N. C. L. The notice was posted on the property on January 17, 1935, and filed with the county recorder of the county where the property is situated on January 18, 1935. The court found that the appellant obtained knowledge of

the intended work on the 24th day of September 1934, and did not thereafter post and file said notice within the time required by law. Such notice, to be operative, under section 3743, must be duly posted on the property by the owner or person having or claiming an interest therein, within three days after he shall have obtained knowledge of the work or intended work, and within five days after such posting, a duplicate original of such posted notice must be filed with the recorder of the county where the property is situated, together with an affidavit attached thereto showing such posting of the original notice.

There is substantial evidence to support the court's finding as to when appellant obtained knowledge of the intended work, and the failure to duly post and file a notice of nonresponsibility within apt time. The notice therefore was of no avail.

■ Appellant insists that the court erred in overruling its objection to the admission of evidence of a complaint with a copy of the lease annexed thereto and judgment in an action by appellant against John McGinniss, Sr., and John McGinniss, Jr., and James T. McDonald. The action was instituted by appellant on March 22, 1935, in the district court in which the instant action was pending, for the cancellation of a lease executed September 24, 1934, for mining property, including the lode mining claims involved herein, and resulted in the cancellation of the lease and restitution of the premises.

Among the grounds stated in the complaint in that action for cancellation of the lease appear the following:

"(a) The said defendants did not commence work upon the premises within sixty (60) days from the date of execution of the said lease.

"(b) That the said defendants have not performed a minimum of fifty-seven (57) man shifts of labor upon the said premises during all or any thirty (30) day period since the execution of said lease.

"(c) The said defendants have not sufficiently timbered the said mine at all points where proper, and not repaired old timbering where necessary. * * * "

The complaint in that action was verified by one of the firm of appellant's attorneys in the instant action. The purpose of the evidence is to show knowledge of plaintiff in that action (appellant herein) of the intended work upon the property involved in this action. It tends to show such knowledge and that the posting and filing were done too late to be operative against respondents' lien. Milner v. Shuey, 57 Nev. 159, 60 P. (2d) 604. There is evidence independently of said verification from which the trial court was entitled to find that that action was instituted and maintained by said firm of attorneys with the knowledge and authorization of appellant. It was admissible for the purpose offered, and the objections were properly overruled. Milner v. Shuey, supra.

We have considered all other alleged errors in addition to those discussed, and find them to be without merit.

Respondents will recover costs on appeal.

It is hereby ordered that the judgment be modified so as to deduct therefrom the amounts adjudged as penalties.

As so modified the judgment and order denying the motion for a new trial are affirmed.