S & S CARPETS, Appellant, *v.* VALLEY BANK OF NEVADA, a Corporation; FIRST AMERICAN TITLE COMPANY OF NEVADA, a Corporation, Respondents.

No. 9424

April 6, 1978                                       576 P.2d 750

*Edmund S. Barnett,* Crystal Bay, for Appellant.

*Hale, Lane, Peek, Dennison and Howard,* and *Gregg Zive,* Reno, for Respondents.

## OPINION

*Per Curiam:*

In the instant case, appellant failed to file its statement of lien within the ten-day time period specified by NRS 108.239(2).[1] Although the plaintiffs' third notice was published

---

[1] NRS 108.239(2) provides in pertinent part:

"At the time of filing the complaint and issuing the summons, the plaintiff shall cause a notice to be published at least once a week for 3 successive weeks, in one newspaper . . . notifying all persons holding or claiming liens . . . on the

on June 27, 1975, appellant's statement of lien was not filed until July 15, 1975—eight days late. Therefore, on motion of respondents, the district court entered a judgment striking the statement, from which this appeal is taken.

1. Appellant contends his statement of lien should be deemed timely because he filed affidavits indicating the statement was mailed on July 3, allegedly received by the Washoe County Clerk sometime before July 7, and negligently filed late on July 15. We reject that contention.

Appellant mistakenly relies on the so-called "mail-box" rule of contract formation to support his contention that the statement was timely filed when mailed. *See, e.g.,* McCone v. Eccles, 42 Nev. 451, 181 P. 134 (1919). However, NRS 108.239 contemplates filing, not mailing. "A document is not filed when it is deposited in the mails and the risk of loss or delay in transit is on the sender." Wirtz v. Local Union 169, International Hod Carriers, Etc., 246 F.Supp. 741, 750 (D.Nev. 1965). Filing means the actual "delivery of the paper or document in question to the proper officer and its receipt by him to be kept on file." *Ibid.* In any event, the record is devoid of any evidence (other than appellant's unconfirmed belief) showing when the clerk actually received the statement of lien. Under such circumstances, we cannot say the district court erred in not finding that it was received before its filing on July 15, and we affirm the order striking the statement.[2]

2. Appellant also attacks the respondent's motion to strike as not being timely filed. From the record it does not appear this contention was raised in the court below, and we therefore decline to consider the issue on appeal. *See, e.g.,* Nevada State Bank v. Snowden, 85 Nev. 19, 449 P.2d 254 (1969).

The decision of the district court is affirmed.

premises to file with the clerk and serve on the plaintiff and also on the defendant, . . . written statements of the facts constituting their liens, together with the dates and amounts thereof. The statements shall be filed within 10 days of the last publication of notice."

[2]No contention has been made that the trial court, as a matter of discretion, should have relieved appellant of its default.