CRESTLINE INVESTMENT GROUP, INC., APPELLANT, v.
GLEN J. LEWIS, RESPONDENT.

No. 37380

August 28, 2003                                          75 P.3d 363

*Michael H. Singer, Ltd.,* and *Christopher L. Birkin* and *Michael H. Singer,* Las Vegas, for Appellant.

*Allf & Associates* and *Steven J. Szostek,* Las Vegas, for Respondent.

---

Before AGOSTI, C. J., ROSE and GIBBONS, JJ.

## OPINION

*Per Curiam:*

This is an appeal from a district court order approving employee Glen J. Lewis' amended mechanic's lien claim against his employer, Crestline Investment Group, Inc. After first determining that Lewis waived his lien claim by failing to timely file a statement of facts as required by NRS 108.239(2)(b), the district court reversed its earlier decision and concluded that Lewis could include mileage payments and insurance premiums as wages for lien purposes. The court then approved Lewis' amended mechanic's lien claim.

We conclude that (1) Lewis' services as an employee did not enhance the value of Crestline's property, thus he could not record an enforceable mechanic's lien under NRS 108.223; (2) Lewis waived any lien claim by failing to timely file a statement of facts under NRS 108.239(2)(b); and (3) the district court abused its discretion by increasing the lien during a proceeding to expunge Lewis' lien claim as frivolous. We therefore reverse the district court's order and remand with instructions to expunge Lewis' lien.

## FACTS

Crestline owned and operated a solid waste landfill site in Lincoln County. Operation of a solid waste landfill includes the following: soil excavation, insertion of solid waste into the excavated property, refilling and grading soil, landscaping, seeding, planting, and irrigation of the soil.

Crestline and Lewis executed an employment contract under which Crestline would pay Lewis a salary of $3,000 per month, insurance premium payments of $505 per month, and a mileage allowance of $0.36 per mile. There was conflicting evidence as to the extent of Lewis' duties. An affidavit from Crestline's General Manager indicates Crestline hired Lewis to drive a garbage truck. At some point, the employment relationship deteriorated, and Crestline failed to pay Lewis monies to which he claims entitlement under the employment agreement.

Lewis recorded a mechanic's lien against Crestline's landfill for unpaid wages, including insurance premium payments and mileage payments, claiming that his work enhanced the value of the landfill under NRS 108.223. In a separate lien foreclosure proceeding instituted by Acme Sand & Gravel, Inc., against Crestline, the district court deemed Lewis' lien claim waived for failure to timely file a statement of facts as required by NRS 108.239(2)(b). Thus, the district court did not determine whether an employee could file a mechanic's lien under NRS 108.223.

Lewis filed a motion to amend the judgment regarding his lien claim, asserting that Acme provided insufficient notice of foreclosure proceedings as required by NRS 108.239(3). On January 14, 2000, the district court reversed its order deeming Lewis' lien claim waived and allowed Lewis to proceed. The district court's order provided Lewis with an additional twenty days to file an NRS 108.239(2)(b) lien statement. Lewis failed to comply.

After reinstating Lewis' lien claim, the district court allowed Lewis to amend the claim to include insurance premium payments and mileage reimbursement as part of his claim.

Crestline then sought to have Lewis' lien expunged as frivolous under NRS 108.2275. On December 18, 2000, the district court determined the lien was not frivolous and unilaterally increased Lewis' lien during the proceedings.

On January 12, 2001, Lewis' counsel sent a demand letter to Crestline's counsel. The letter indicated that Lewis had authorized his counsel to begin foreclosure proceedings immediately on the lien claims. Lewis, however, failed to institute foreclosure proceedings against Crestline. Acme and Crestline dismissed the original foreclosure proceeding by stipulation of all parties involved on

June 14, 2002. Crestline appeals from the December 18, 2000, order increasing the lien.[1]

## DISCUSSION

### Standard of review

Lien claims are statutory; thus, this dispute is primarily one of statutory construction. "The construction of a statute is a question of law that this court reviews de novo."[2] The "court first looks to the plain language of the statute."[3] "[I]f the statutory language . . . fails to address the issue, this court construes the statute according to that which ' ' "reason and public policy would indicate the legislature intended." ' ' "[4]

### Applicability of NRS 108.223 to employees

Mechanic's liens are statutorily created.[5] Generally, there is no statutory protection for ordinary repairs or maintenance.[6] "The object of the lien statutes is to secure payment to those who perform labor or furnish material to improve the property of the owner."[7]

---

[1]NRS 108.2275 governs the procedure in proceedings challenging a lien as frivolous or excessive. Subsection 6 provides for a direct appeal by either party "from an order made pursuant to subsection 4." Subsection 4 provides that if the district court determines that the lien is frivolous, the court may release the lien and award attorney fees and costs; that if the court determines that the lien is excessive, it may reduce the lien and award costs and attorney fees; and that if the court concludes that the lien is not frivolous or excessive, it may award costs and attorney fees. The appealability of these orders does not turn on whether costs and attorney fees are awarded; instead, the Legislature has simply indicated that the district court has discretion to award costs and fees in any of these orders. Subsection 4 fails to specifically address the situation here. We have jurisdiction, however, because in its order, the district court necessarily found the lien neither frivolous nor excessive.

[2]*A.F. Constr. Co. v. Virgin River Casino,* 118 Nev. 699, 703, 56 P.3d 887, 890 (2002).

[3]*Id.*

[4]*Id.* (quoting *State, Dep't Mtr. Vehicles v. Vezeris,* 102 Nev. 232, 236, 720 P.2d 1208, 1211 (1986) (quoting *Cannon v. Taylor,* 87 Nev. 285, 288, 486 P.2d 493, 495 (1971), *modified on other grounds,* 88 Nev. 89, 493 P.2d 1313 (1972))).

[5]*Schofield v. Copeland Lumber,* 101 Nev. 83, 84, 692 P.2d 519, 520 (1985).

[6]*Id.* at 84-85, 692 P.2d at 520; *see also Peccole v. Luce & Goodfellow,* 66 Nev. 360, 373, 212 P.2d 718, 725 (1949) (explaining that "[t]he theory upon which all labor liens are based is that they are remedial in their nature and intended to assist the laborer to obtain a just price for his services"); *Didier v. Webster Mines Corporation,* 49 Nev. 5, 17, 234 P. 520, 524 (1925) (concluding "[t]he general theory upon which liens . . . are given is that by the labor . . . the property has been enhanced in value").

[7]*Schofield,* 101 Nev. at 85, 692 P.2d at 520.

"[L]ien claimants are required substantially to comply with [the] provisions in order to obtain the security which [they] afford[ ]."[8]

An employee may record a mechanic's lien for unpaid wages as provided in NRS 108.221 to 108.246, inclusive.[9] NRS 108.223 states:

> Any person who, at the request of the owner of any lot or tract of land, or his agent, grades, fills in, installs a system for irrigation, seeds, plants, lays sod, landscapes or otherwise improves the lot or tract of land, or the street in front of or adjoining it, has a lien upon it for the work done and materials furnished.

The recording of a mechanic's lien upon real property is proper only if the employer is the owner of the property.[10] The protection provided by a mechanic's lien applies only to employee services intended to improve the property.[11] In *Didier v. Webster Mines Corporation*,[12] this court concluded that the services of a cook and his helper at a mine were not intended to improve the property; thus, a lien could not be used to secure payment for the services rendered. "The claims are not such as to entitle the claimants to a lien against the appellant's property."[13]

Here, Crestline contends that it hired Lewis as a garbage truck driver. Lewis counters that his duties included excavating, filling in soil, grading, landscaping, irrigating, and seeding and planting at the landfill. These latter duties are consistent with the services enumerated in NRS 108.223; however, the evidence fails to support Lewis' claim. The employment agreement is silent as to the duties required of Lewis. Lewis' affidavit is also silent as to specific duties performed. Conversely, an affidavit from Crestline's General Manager stated Lewis was a garbage truck driver whose employment contributed nothing to improving the landfill. Thus, in this instance, the record does not contain substantial evidence to support Lewis' contention. Therefore, while employees can seek the protection of NRS 108.223, Lewis may not do so because his services did not improve the property.

---

[8]*Skyrme v. Occidental Mill and Mining Co.*, 8 Nev. 219, 239 (1873).

[9]NRS 608.050(2).

[10]*See Eldorado-R. Co. v. Thompson*, 57 Nev. 407, 413, 65 P.2d 878, 880 (1937).

[11]*Didier*, 49 Nev. at 17, 234 P. at 524.

[12]*Id.*

[13]*Id.*; *see also Holtzman v. Bennett, Et Al.*, 48 Nev. 274, 281, 229 P. 1095, 1097 (1924) (concluding "[t]he cook did no work in connection with the operation of the mine, and can assert no lien").

*Failure to timely file lien statements*

Crestline argues that Lewis waived his lien claim by failing to file a written statement of lien. After the filing of a complaint to enforce a lien, all lien claimants are required to "serve on the plaintiff and also on the defendant . . . written statements of the facts constituting their liens, together with the dates and amounts thereof."[14] The written statement "must be filed within 10 days after the last publication of the notice."[15] If a lien claimant fails to file a statement of facts within ten days, the lien claim is deemed waived.[16]

In its November 18, 1999, order stemming from the Acme foreclosure proceedings, the district court found that Lewis waived his claim by failing to comply with NRS 108.239(2)(b). Lewis failed to respond to Acme's notice to file and serve a statement of facts. That order was amended on March 21, 2000, however, to allow Lewis to proceed with his lien claim. The district court gave Lewis twenty days to file his lien statement with the court. The district court, in its amended order, extended Lewis' time for compliance with NRS 108.239(2)(b). Despite the extension, Lewis did not file a written statement.

Lewis contends that the district court did not require a written statement to be filed and that it was unnecessary to do so because of the pendency of this appeal. Lewis further argues his pleadings include the same information that would be contained in a written statement; thus, it would have been duplicative to submit a written statement of facts.

The district court's amended order stated that Lewis had twenty days to file his lien statement with the court. Lewis failed at every stage of this litigation to file a written statement as required by statute and the district court. Therefore, we conclude Lewis waived his lien claim and the lien must be expunged on this basis as well.

*Additur under NRS 108.2275*

Crestline maintains that the district court erred by increasing Lewis' lien claim during its proceeding to expunge the lien as frivolous. Specifically, Crestline contends additur is not an option available to the district court during a hearing under NRS 108.2275.[17]

---

[14] NRS 108.239(2)(b).

[15] *Id.*

[16] *S & S Carpets v. Valley Bank of Nevada,* 94 Nev. 165, 166, 576 P.2d 750, 751 (1978).

[17] NRS 108.2275(1) states in part:

The debtor of the lien claimant or a party in interest in the premises subject to the lien who believes the notice of lien is frivolous and was made without reasonable cause, or that the amount of the lien is exces-

After a hearing under NRS 108.2275, the district court may make one of three determinations.[18] First, if the court determines a lien is frivolous, it may release the lien and award costs and attorney fees to the applicant.[19] Second, if the court finds the lien to be excessive, it may reduce the lien and award costs and attorney fees to the applicant.[20] Third, if the lien is not frivolous or excessive, the court may award costs and reasonable attorney fees to the lien claimant.[21] ''Proceedings conducted pursuant to this section do not affect any other rights and remedies otherwise available to the parties.''[22]

No statutory language permits a district court to increase a lien claim at a hearing under NRS 108.2275. Thus, a proceeding to expunge a lien claim cannot be used to increase a lien. A district court can amend a lien claim to conform to the proof only after foreclosure proceedings.[23] Foreclosure proceedings must be commenced through the filing of a complaint within six months after recordation of the lien unless the parties agree to extend the time period.[24] Alternatively, a lien claimant must file a statement of facts within the ten-day statutory period to preserve the claim.[25]

Here, the district court erred by increasing the lien claim prior to the initiation of foreclosure proceedings. Lewis' failure to commence foreclosure proceedings precludes any attempt by the district court to amend the lien to conform to proof adduced at trial.

## CONCLUSION

Lewis' duties did not improve Crestline's property and therefore he could not establish a valid lien claim under NRS 108.223. Notwithstanding the issue of validity, Lewis waived any lien claims by failing to institute timely foreclosure proceedings and file written lien statements within the statutory period. We also conclude the district court erred by increasing Lewis' lien claim during a proceeding to expunge a frivolous lien claim.

sive, may apply by motion to the district court for the county where the property or some part thereof is situated for an order directing the lien claimant to appear before the court to show cause why the relief requested should not be granted.

[18] NRS 108.2275(4).
[19] NRS 108.2275(4)(a).
[20] NRS 108.2275(4)(b).
[21] NRS 108.2275(4)(c).
[22] NRS 108.2275(5).
[23] NRS 108.229(1).
[24] NRS 108.233.
[25] NRS 108.239(2)(b).

Accordingly, we reverse the district court's order and remand with instructions to expunge the lien against Crestline. Expunging Lewis' lien does not prejudice either party regarding any other claims or remedies available. As this was an issue of first impression, we deny attorney fees to both parties for these proceedings.