An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

PAUL CHRISTOPHER AND PALMER CHRISTOPHER,
Appellants,
vs.
BYRD UNDERGROUND, LLC; BUDDY LEE BYRD; DITCH DIGGERS, LLC; BYRD COMPANIES, LLC; BU HOLDINGS, LLC; BYRD RENTALS, LLC; BYRD LEASING, LLC; BYRD TRUCK LEASING, LLC; BUDDY TYLER BYRD; BYRD LAND HOLDINGS, LLC; BYRD NEVADA, LLC; BYRD ELECTRIC, INC; MASTER EXCAVATORS (A NEVADA CORPORATION); AND SOUTHWEST EQUIPMENT (A NEVADA CORPORATION); RLMW INVESTMENTS, LLC,
Respondents.

No. 57322

FILED

MAR 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from a district court judgment after a jury trial in a breach of contract and tort action. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellants retained respondent Master Excavators, who subcontracted with respondent Ditch Diggers, LLC to install water and sewer lines on their property. Appellants terminated Master Excavators and hired another contractor to finish the project. After the project was completed, Ditch Diggers filed a mechanics lien against the property. Appellants filed a complaint alleging various tort and contract causes of

13-07864

action.[1] Ditch Diggers and the Byrd respondents moved for summary judgment and attorney fees, which the district court granted. The case proceeded to trial, after which the district court directed a verdict on some of appellant's claims and entered judgment after a jury verdict on the remaining claims. This appeal followed.

We have reviewed the record and considered appellants' civil proper person appeal statement, respondents' response, and appellants' replies, and we conclude that the district court's summary judgments in favor of Ditch Diggers and the Byrd respondents on appellants' claims were appropriate. Wood v. Safeway, Inc., 121 Nev. 724, 731, 121 P.3d 1026, 1031 (2005) (holding that summary judgment is appropriate when the evidence demonstrates that that there are no genuine issues of material fact); see also Terracon Consultants v. Mandalay Resort, 125 Nev. 66, 74, 206 P.3d 81, 87 (2009) ("[U]nless there is personal injury or property damage [beyond damage cause by the construction], a plaintiff may not recover in negligence for economic losses.");[2] Stalk v. Mushkin, 125 Nev. 21, 28, 199 P.3d 838, 843 (2009) (holding that breach of fiduciary duty requires a fiduciary duty); Butler v. Bayer, 123 Nev. 450, 464, 168 P.3d 1055, 1065 (2007) (holding that negligence requires a duty); J.A. Jones Const. v. Lehrer McGovern Bovis, 120 Nev. 277, 290, 89 P.3d 1009, 1018 (2004) (holding that a fraudulent inducement claim includes the elements of a false statement by the defendant inducing action by the plaintiff); Dow Chemical Co. v. Mahlum, 114 Nev. 1468, 1485, 970 P.2d 98, 110 (1998) (recognizing that fraudulent or intentional concealment

[1]The Byrd respondents were not contracted to do anything on the subject property, but were sued under an alter ego theory for Ditch Diggers.

[2]Appellants cannot proceed under NRS Chapter 40 because they did not give the required notices. NRS 40.645.

requires a duty to disclose the information allegedly concealed); <u>Ashwood v. Clark County</u>, 113 Nev. 80, 86-87, 930 P.2d 740, 744 (1997) (holding that the Clark County Building Code did not establish a duty giving rise to negligence per se); <u>Hilton Hotels v. Butch Lewis Productions</u>, 107 Nev. 226, 233, 808 P.2d 919, 923 (1991) (holding that tortious breach of the covenant of good faith and fair dealing requires "a special element of reliance or fiduciary duty"); <u>Waitz v. Ormsby County</u>, 1 Nev. 370, 377 (1865) (holding that an action for money had and received may be maintained where one person has received money from another but has no right to retain the money); <u>Thomas Learning Center, Inc. v. McGuirk</u>, 766 So. 2d 161, 171 (Ala. Civ. App. 1998) (holding that contractor licensure statutes did not give rise to negligence per se).

Likewise, the district court's summary judgment in favor of Ditch Diggers regarding its mechanics' lien was appropriate. NRS 108.222(1) (A mechanics lien may be asserted for "any improvements for which the work, materials and equipment were furnished or to be furnished."); NRS 108.226(2)-(3); NRS 108.227(1)(b). Ditch Diggers' work qualified as a statutorily defined "improvement" under NRS 108.22128(7), regardless of whether appellants believe that Ditch Diggers' work actually "improved" their property. <u>Crestline Inv. Group v. Lewis</u>, 119 Nev. 365, 369, 75 P.3d 363, 366 (2003) (holding that mechanics lien protection applies to "services intended to improve the property"), <u>superseded by statute on other grounds</u>, NRS 108.2275, <u>as recognized in</u> <u>Yonker Const., Inc. v. Hulme</u>, 126 Nev. __, 248 P.3d 313 (2010).

After considering the record and the parties' arguments, we further conclude that the district court did not err when it entered a directed verdict or when it entered judgment after a jury verdict in favor

of Master Excavators and Southwest Equipment.[3] Allstate Insurance Co. v. Miller, 125 Nev. 300, 308, 212 P.3d 318, 324 (2009) ("[T]his court upholds a jury verdict if there is substantial evidence to support it, but will overturn it if it was clearly wrong from all the evidence presented." (quotation marks omitted)); M.C. Multi-Family Dev. v. Crestdale Assocs., 124 Nev. 901, 910, 193 P.3d 536, 542 (2008). ("A directed verdict is proper . . . when the evidence is so overwhelming for one party that any other verdict would be contrary to the law." (quotation marks omitted)). Evidence that the existing sewer lines were actually located several feet deeper than the elevation indicated on the plans supported the jury's verdict that Master Excavators did not breach the contract. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                 Saitta

---

[3]The record on appeal does not include the transcripts for the last three days of trial. NRAP 9(a)(1). When appropriate, we must assume that the missing material supports the jury's findings or the district court's orders. Cuzze v. Univ. & Cmty. Coll. Sys. of Nev., 123 Nev. 598, 603, 172 P.3d 131, 135 (2007).

[4]We have reviewed the district court's award of attorney fees, and we find no abuse of discretion. Brunzell v. Golden Gate Nat'l Bank, 85 Nev. 345, 350, 455 P.2d 31, 33 (1969). We have considered appellants' remaining arguments on appeal and conclude that the district court did not abuse its discretion or that appellants' remaining arguments are without merit.

 

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
        Palmer Christopher
        Paul Christopher
        Peel Brimley LLP
        Master Excavators
        Southwest Equipment
        Eighth District Court Clerk