JANA PALMER, APPELLANT, *v.* THE STATE OF NEVADA, AND THE STATE OF NEVADA GAMING CONTROL BOARD, RESPONDENTS.

No. 19728

March 1, 1990                                          787 P.2d 803

---

[5]The Honorable Brent T. Adams, Judge of the Second Judicial District, was designated by the Governor to sit in the place of THE HONORABLE JOHN MOWBRAY, Justice. Nev. Const. art. 6, § 4.

*Jack E. Kennedy & Associates* and *Marta L. Presti,* Reno, for Appellant.

*Brian McKay,* Attorney General, Carson City, and *Scott Scherer,* Deputy Attorney General, Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Jana Palmer (Palmer) was hired by the Nevada Gaming Board (Board) as an agent in its enforcement division on May 13, 1985. She was subsequently discharged by the Board on September 27, 1985, for allegedly mishandling an investigation.

Palmer filed a complaint with the Nevada Equal Rights Commission (NERC) against the Board on December 9, 1985, alleging she had been discriminated against regarding the terms, conditions, compensation and the termination of her employment. Twenty-one months later, on September 14, 1987, Palmer filed a complaint in district court without any action having been taken by the NERC in the interim. On October 13, 1987, just one month after filing her complaint, the NERC administratively closed Palmer's file at her request.

The Board thereafter successfully moved to have the district court dismiss Palmer's first cause of action because she had failed to exhaust her administrative remedies. The district court entered

the judgment of dismissal on December 6, 1988, and this appeal followed.

At the outset, we acknowledge that the legislature intended that claims involving employment discrimination were to be administratively exhausted prior to seeking redress in the district courts. *See* NRS 613.420. Additionally, under our holding of Copeland v. Desert Inn Hotel, 99 Nev. 823, 673 P.2d 490 (1983), an employee claiming discrimination under NRS 613.420 is obligated to file a claim with the NERC and to have that agency adjudicate the claim before it can properly be brought in district court. The requirement under *Copeland, supra,* is consistent with the legislative history indicating that exhaustion of administrative remedies is necessary to prevent the courts from being inundated with frivolous claims.[1]

Despite the rule that exhaustion of remedies is required by NRS 613.420 prior to filing an employment discrimination action in court, we are constrained to excuse the exhaustion requirement in the instant case. Because of the NERC's twenty-one month delay in addressing her claim, Palmer felt compelled to file her action in court to preserve her tort claim against a potential defense based upon the expiration of the two-year statute of limitations. Palmer had attempted to fully comply with the exhaustion requirements. She had filed her claim with the NERC and was patiently awaiting a resolution of her case from that agency before proceeding to court. When faced with the possibility of losing her tort claim because of the statute of limitations, Palmer acted reasonably in filing her claim in court. The Board cannot now be heard to complain that Palmer failed to exhaust the necessary administrative procedures when it was the NERC who delayed the process through protracted inaction.

NRS 613.420 specifies no time limit within which the NERC must process a complaint. However, a fair and reasonable interpretation of the statute must allow an eventual recourse to the courts, when, as a result of prolonged inaction by the NERC, a complainant may face a statute of limitations deadline or an irretrievable loss of evidence. Nevertheless, because the basic policy of the statute favoring exhaustion of administrative remedies must be respected, it will always be the complainant's burden to convincingly prove that his or her claim is realistically

---

[1]Minutes of the committee meetings on A.B. 96 which contained the 1983 amendment to NRS 613.420 state that "[b]efore a complaint could be taken to court, all administrative remedies would have to be exhausted, to eliminate frivolous court cases." Minutes of Hearing on A.B. 96 Before the Senate Comm. on Commerce & Labor, Nev. Legis., 62nd Sess. 3 (Apr. 22, 1983).

endangered by any prolonged inaction by the NERC. Absent such evidence, the exhaustion doctrine will apply.

Palmer's second contention, that her complaint could have been brought directly under NRS 281.370, lacks merit. NRS 281.370[2] does not provide for any private right of action. Therefore, there is no basis for allowing Palmer to proceed with her cause of action under that statute.

In conclusion, the facts underlying Palmer's complaint are over four years old. The purpose of the administrative process is to provide complainants with a system of expertise and efficiency in dealing with their claims. That did not occur in this case. Consequently, under the facts of this case, we hold that Palmer's cause of action should not have been dismissed by the trial court. This ruling is in harmony with our stated policy in Copeland v. Desert Inn Hotel, 99 Nev. 823, 826, 673 P.2d 490, 492 (1983), wherein we stated both that "the Nevada anti-discrimination statutes have laudable goals and will be broadly construed. . . . [and] procedural technicalities that would bar claims of discrimination will be looked upon with disfavor."[3]

For the reasons specified above, we reverse and remand, granting Palmer the right to pursue her cause of action in the district court on the merits.[4]

YOUNG, C. J., STEFFEN, SPRINGER and MOWBRAY, JJ., and ZENOFF, SR. J., concur.

---

[2]Specifically, NRS 281.370 provides:

Actions concerning personnel to be based on merit and fitness; discrimination prohibited.

1. All personnel actions taken by state, county or municipal departments, agencies, boards or appointing officers thereof must be based solely on merit and fitness.

2. State, county or municipal departments, agencies, boards or appointing officers thereof shall not refuse to hire a person, discharge or bar any person from employment or discriminate against any person in compensation or in other terms or conditions of employment because of his race, creed, color, national origin, sex, age, political affiliation or physical, aural or visual handicap, except when based upon a bona fide occupational qualification.

[3]We, of course, express no opinion or intend no inference concerning the validity of Palmer's claims.

[4]THE HONORABLE CLIFF YOUNG, Chief Justice, appointed THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in place of THE HONORABLE ROBERT E. ROSE, Justice.