5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert E. THOMPSON, Plaintiff-Appellant,
v.
THE JOHNSON GROUP; Al Phillips The Cleaner, Inc.; Mel
Shapiro; Dawn Adamson; Donna Cowart; and Does I
through X, Defendants-Appellees.
 No. 92-15595.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 2, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert E. Thompson appeals pro se the district court's orders (1) denying Thompson's motion to remand this matter to state court; and (2) granting defendants' motion to dismiss or, in the alternative, for summary judgment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Denial of Remand
 
 
 4
 "[A] defendant may remove from state to federal court any civil action over which the district court would have had original jurisdiction." Milne Employees Ass'n v. Sun Carriers, Inc., 960 F.2d 1401, 1406 (9th Cir.1991), cert. denied, 113 S.Ct. 2927 (1993); see 28 U.S.C. Sec. 1441(a). We review de novo the district court's order denying Thompson's motion for remand. Milne Employees Ass'n, 960 F.2d at 1406.
 
 
 5
 Thompson had been employed as a "presser" by defendant Al Phillips the Cleaner, Inc. ("Al Phillips") for approximately two months when he was terminated, allegedly for playing his radio too loud. In his first amended complaint filed in Nevada state court, Thompson alleged four causes of action: (1) breach of the implied covenant of good faith and fair dealing; (2) sex discrimination; (3) race discrimination; and (4) negligence per se.
 
 
 6
 Defendants petitioned for removal on the ground Thompson's first and fourth causes of action were preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Sec. 185, because resolution of those claims required interpretation of the collective bargaining agreement ("CBA") between Al Phillips and the union representing its employees. Thompson objected, arguing that he was not a union member and that his discrimination claims were properly brought in state court. The district court treated Thompson's objection as a motion to remand and denied it without discussion.
 
 
 7
 Thompson contends the district court erred by denying his motion to remand because the court lacked federal question jurisdiction. In support of his contention, Thompson argues (1) he was not a union member and did not have notice of the CBA; and (2) his claims are based on an oral employment contract and not the CBA. Thompson's contention lacks merit.
 
 
 8
 Normally in determining whether federal question jurisdiction exists, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's complaint. Milne Employees Ass'n, 960 F.2d at 1406. The "complete preemption" doctrine provides, however, that " '[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.' " Id. (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (alteration in Milne )).
 
 
 9
 Section 301(a) of the LMRA, 29 U.S.C. Sec. 185(a), provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." Jackson v. Southern Cal. Gas Co., 881 F.2d 638, 642 (9th Cir.1989). Section 301 completely preempts any state law claim that requires interpretation of a collective bargaining agreement. See Milne Employees Ass'n, 960 F.2d at 1408.
 
 
 10
 In his first amended complaint, Thompson alleged that defendants breached the implied covenant of good faith and fair dealing by applying in a discriminatory manner workplace rules and policies regarding the playing of radios. This allegation places in issue several provisions of the CBA.[1] We thus conclude that Thompson's first cause of action is completely preempted by section 301 of the LMRA. See id.[2]
 
 
 11
 We also conclude that Thompson's fourth cause of action, which was basically for wrongful termination, is completely preempted by section 301. That cause of action encompassed numerous allegations, including that defendants violated public policy by implementing rules relating to the playing of radios that favored female and white employees (Thompson is an African-American male), and that his termination was retaliatory in nature. Although this court has held that wrongful discharge claims based on violations of state statutes and public policy are not preempted by section 301, see Paige v. Henry J. Kaiser Co., 826 F.2d 857, 863 (9th Cir.1987), cert. denied, 486 U.S. 1054 (1988), Thompson did not allege that there is any Nevada statute or public policy relating to radios in the workplace.[3] Likewise, although section 301 does not preempt claims of discharge in retaliation for asserting state rights that exist independently of a CBA, see Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 406-07 (1988); Schlacter-Jones v. General Tel., 936 F.2d 435, 441 (9th Cir.1991), Thompson's conclusory charge of retaliation appears to rest primarily on his own expectations and the powers of Al Phillips. See Schlacter-Jones, 936 F.2d at 441.
 
 
 12
 The fact that Thompson was not a union member does not change our conclusions. Thompson was still subject to the terms and conditions of the CBA because his position as a "presser" was covered by the agreement. See Steele v. Louisville & N.R.R., 323 U.S. 192, 200 (1944); Melanson v. United Air Lines, Inc., 931 F.2d 558, 561 n. 2 (9th Cir.), cert. denied, 112 S.Ct. 189 (1991). For the same reason, we reject Thompson's argument that he was not bound by the CBA because he did not have notice of it. Thompson claims notice was required so he could decide before accepting employment whether to be bound by the CBA. However, even if Thompson had been notified of the CBA and had rejected union membership, his current dispute would still be governed by the agreement because his position is governed by the agreement. See Steele, 323 U.S. at 200 ("[t]he labor organization chosen to be the representative of the craft or class of employees is thus chosen to represent all of its members, regardless of their union affiliations or want of them" (emphasis added)); Melanson, 931 F.2d at 561 n. 2. Finally, the same rationale compels us to reject Thompson's argument that his claims rest on an independent employment contract. See Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir.1987).
 
 
 13
 Because the district court had federal question jurisdiction over Thompson's first and fourth causes of action, the court had pendent jurisdiction over his discrimination claims. See Jackson, 881 F.2d at 642. The district court did not err by denying Thompson's motion to remand.
 
 II
 Dismissal
 
 14
 We review de novo the district court's dismissal of Thompson's action pursuant to Fed.R.Civ.P. 12(b)(6). Id. at 642-43.
 
 
 15
 Because Thompson's first and fourth causes of action, claiming breach of the implied covenant of good faith and fair dealing and wrongful/tortious discharge, respectively, are preempted by section 301 of the LMRA, the district court correctly construed his claims as claims under section 301. See, e.g., Milne Employees Ass'n, 960 F.2d at 1411. So construed, the court found that Thompson's claims failed for lack of sufficient specificity regarding a breach of the CBA. We agree and note also that there is no indication in Thompson's complaint that he exhausted the contractual grievance procedures under the CBA. See Jackson, 881 F.2d at 646. Thus, we affirm the district court's dismissal of these claims.
 
 
 16
 Thompson's second and third causes of action, claiming race and sex discrimination are not preempted by section 301. See Lingle, 486 U.S. at 411-12; Chmiel v. Beverly Wilshire Hotel Co., 873 F.2d 1283, 1286-87 (9th Cir.1989). Nevertheless, in his response to defendants' motion to dismiss Thompson acknowledged that he filed suit in court before obtaining a final administrative determination of his discrimination claims. Under Nevada law, Thompson was required to exhaust his administrative remedies. See Palmer v. State, 787 P.2d 803, 804 (1990). Thus, the district court did not err by dismissing Thompson's discrimination claims.[4]
 
 III
 Sanctions
 
 17
 Defendants request sanctions against Thompson for filing a frivolous appeal. In exercise of our discretion, we deny the request.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 These provisions include: Article 10 (relating to the employer's right to manage the business, discharge employees, prescribe employees' duties, and determine the means and methods of operations); Article 11 (relating to the employer's right to establish rules and regulations for the conduct of the business); Article 14 (providing for a procedure to settle grievances); Article 15 (providing for arbitration procedures); and Article 24 (prohibiting discrimination by either the union or employer on the basis of race)
 
 
 [2]
 The fact that Thompson did not refer to the CBA in his first amended complaint, does not preclude us from looking beyond the face of his complaint to determine whether any of his claims are preempted by section 301. See Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir.1987); see also Milne Employees Ass'n, 960 F.2d at 1406 (stating that plaintiff "cannot avoid removal by 'artfully pleading' only state law claims that are actually preempted by federal statutes")
 
 
 [3]
 Moreover, to the extent Thompson claims that Al Phillips' workplace rules violate state public policy against race or sex discrimination, we note that he included claims alleging such discrimination in his second and third causes of action. As we discuss below, those claims are not preempted
 
 
 [4]
 We note that the district court dismissed Thompson's action without prejudice to refiling