YONKER CONSTRUCTION, INC., A CALIFORNIA CORPORATION, APPELLANT, *v.* COLIN HULME AND VANESSA HULME, INDIVIDUALLY AND AS HUSBAND AND WIFE, RESPONDENTS.

No. 55406

December 30, 2010                                          248 P.3d 313

*Rollston, Henderson, Crabb & Johnson* and *Robert M. Henderson*, South Lake Tahoe, California; *Cooksey, Toolen, Gage, Duffy & Woog* and *Griffith H. Hayes* and *Marisa A. Pocci*, Las Vegas, for Appellant.

*Alling & Jillson, Ltd.,* and *Gregory D. Ott*, Lake Tahoe, for Respondents.

Before HARDESTY, DOUGLAS and PICKERING, JJ.

## OPINION

*Per Curiam:*

NRS 108.2275(6)(a) provides that, if the district court determines that a mechanic's lien is frivolous and made without reasonable cause, the court must enter an order releasing the lien *and* awarding attorney fees and costs to the applicant. Here, however, while the district court made the requisite determinations and ordered the lien released, it failed to award attorney fees and costs at that time, instead directing the applicant to file an affidavit of attorney fees and a verified memorandum of costs. Because the challenged order reserved the award of attorney fees and costs for a later date, it does not constitute an appealable order within the terms of NRS 108.2275, rendering this appeal premature.

## DISCUSSION

Although appeals from interlocutory orders generally are not permitted under Nevada's jurisdictional statutes and rules, *see Consolidated Generator v. Cummins Engine*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998), NRS 108.2275(8) expressly provides for such appeals when they relate to orders made pursuant to subsection 6 of that statute, which governs hearings on motions to determine the frivolous or excessive nature of a mechanic's lien. Pertinent to this appeal, NRS 108.2275(6)(a) provides that "[i]f, after a hearing on the matter, the court determines that . . . [t]he notice of lien is frivolous and was made without reasonable cause, the court shall make an order releasing the lien and awarding costs and reasonable attorney's fees to the applicant for bringing the motion." Here, the challenged order deferred awarding attorney fees and costs until after the court had reviewed respondents' verified memorandum and affidavit. Consequently, this appeal appeared premature, and we directed appellant to show cause why the appeal should not be dismissed for lack of jurisdiction.

Appellant, in its timely response to our show-cause order, argues that this situation should be analyzed under *Lee v. GNLV*

*Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000), which notes that attorney fees and costs awards are typically appealable under NRAP 3A(b)(8) (formerly NRAP 3A(b)(2)) as special orders after final judgment. That case is inapposite, however, as its discussion pertains to appeals from final judgments and post-judgment orders, as specified in the NRAP, not to appeals authorized by a statutory exception to the final judgment rule allowing for immediate challenges to certain specified interlocutory orders. Exceptions to the final judgment rule are narrowly construed. *See generally Santoro v. Principi*, 274 F.3d 1366, 1369 (Fed. Cir. 2001) (noting that that court narrowly construes jurisdictional statutes); *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997) ("Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed."); *cf. Crestline Inv. Group v. Lewis*, 119 Nev. 365, 368 n.1, 75 P.3d 363, 365 n.1 (2003) (analyzing a former version of NRS 108.2275(6), which, unlike the current version, gave the district court discretion to award attorney fees and costs, and noting that "[t]he appealability of these orders does not turn on whether costs and attorney fees are awarded"). Additionally, requiring the NRS 108.2275(6)(a) attorney fees and costs award to be rendered before an appeal from the interlocutory order may proceed prevents the prospect of having two appeals from what is essentially the same statutory process. Accordingly, we conclude that NRS 108.2275(8) allows appeals from interlocutory orders releasing a mechanic's lien only after subsection 6(a)'s mandate has been fully carried out, meaning that the court has directed the lien's release *and* awarded attorney fees and costs.

## CONCLUSION

As appellant has not demonstrated that the district court's order releasing the lien is substantively appealable or provided this court with a copy of any NRS 108.2275(6)(a) attorney fees and costs award, this appeal is premature. Since we lack jurisdiction over the premature appeal, this appeal is dismissed.