135 Nev., Advance Opinion 46

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ANTONETTE PATUSH,<br>Appellant,<br>vs.<br>LAS VEGAS BISTRO, LLC,<br>Respondent. | No. 76062 |
| ANTONETTE PATUSH,<br>Appellant,<br>vs.<br>LAS VEGAS BISTRO, LLC,<br>Respondent. | No. 76636<br><br>**FILED**<br><br>SEP 26 2019<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>CHIEF DEPUTY CLERK |

Consolidated appeals from district court orders granting a motion to dismiss in a tort action and awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

*Affirmed in part and reversed in part.*

Kemp & Kemp and James P. Kemp, Las Vegas,
for Appellant.

Clark Hill PLLC and Deanna L. Forbush and Jeremy J. Thompson, Las Vegas,
for Respondent.

_____

BEFORE THE COURT EN BANC.

19-40009

*OPINION*

By the Court, STIGLICH, J.:

In these appeals, we clarify the applicable limitations period for wrongful termination claims and resolve a challenge to a district court order awarding attorney fees.[1] In doing so, we conclude that claims for wrongful termination are subject to the limitations period prescribed by NRS 11.190(4)(e) for injuries or death caused by another person's wrongful act or neglect. Because the district court properly applied the two-year limitations period set forth in NRS 11.190(4)(e) when it granted respondent's motion to dismiss under NRCP 12(b)(5), we affirm its order of dismissal in Docket No. 76062. As we have not previously addressed the appropriate limitations period for a wrongful termination claim, this presented a matter of first impression, and the district court therefore should not have awarded attorney fees on the basis that appellant's claim was untimely filed and thus groundless under NRS 18.010(2)(b). Accordingly, we reverse its order awarding attorney fees in Docket No. 76636.

*FACTS AND PROCEDURAL HISTORY*

This appeal arises from a former employee's wrongful termination claim against her former employer. Appellant Antonette Patush alleged that respondent Las Vegas Bistro terminated her employment in retaliation for a then-recent workers' compensation claim that Patush made for an injury that she suffered while at work. Patush was fired on July 3, 2014, and filed her complaint alleging wrongful termination on March 21, 2018. Las Vegas Bistro moved to dismiss the complaint, arguing that the two-year statute of limitations under NRS 11.190(4)(e)

---

[1]We elect to consolidate these appeals for disposition. *See* NRAP 3(b).

 

applied because wrongful termination is an action in tort and that the limitations period had therefore expired. The district court agreed that Patush's claims were time-barred and granted the motion to dismiss. The district court also awarded Las Vegas Bistro attorney fees and costs. This appeal followed.

## DISCUSSION

On appeal, Patush argues that dismissal was improper because NRS 11.190(4)(e) should not have applied to her wrongful termination claim and that attorney fees were not warranted because her claim involved an issue of first impression. We rigorously review NRCP 12(b)(5) dismissals on appeal, presuming all factual allegations in the complaint as true and drawing all inferences in the complainant's favor. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). Dismissal is appropriate "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief." *Id.* at 228, 181 P.3d at 672. Where the statute of limitations has run, dismissal is appropriate. *In re Amerco Derivative Litig.*, 127 Nev. 196, 228, 252 P.3d 681, 703 (2011). Whether dismissal based on the two-year limitations period in NRS 11.190(4)(e) was warranted here presents a question of law that we review de novo. *See Perry v. Terrible Herbst, Inc.*, 132 Nev. 767, 769, 383 P.3d 257, 259 (2016) (reviewing judgment on the pleadings under NRCP 12(c) on statute of limitations grounds de novo). We review Patush's challenge to the district court's attorney fees award for an abuse of discretion. *See Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 967, 194 P.3d 96, 106 (2008).

*Wrongful termination statute of limitations*

NRS 11.190(4)(e) provides a two-year limitations period for "an action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another." Where a statute does not set forth an express limitations period for a particular cause of action, as is the case for wrongful termination, we consider analogous causes of action for which express limitations periods are available. *Perry*, 132 Nev. at 770-71, 383 P.3d at 260. This consideration requires us to first determine the nature of a cause of action for wrongful termination. *See Stalk v. Mushkin*, 125 Nev. 21, 25, 199 P.3d 838, 841 (2009). A wrongful termination claim provides a former employee with a remedy where her employer has wronged her by terminating her employment in violation of public policy, such as by retaliating against the employee for exercising workers' compensation rights. *See Hansen v. Harrah's*, 100 Nev. 60, 63-65, 675 P.2d 394, 396-97 (1984). More broadly, the claim involves injury to a person by violating her rights to engage in certain behavior that is protected by public policy, such as seeking workers' compensation, performing jury duty, or refusing to violate the law. *D'Angelo v. Gardner*, 107 Nev. 704, 712, 819 P.2d 206, 212 (1991). Because a wrongful termination claim involves an injury to an ex-employee's personal rights caused by a wrongful act of another, we conclude that the claim is analogous to the cause of action described in NRS 11.190(4)(e) and that NRS 11.190(4)(e) therefore sets forth the relevant limitations period. As the district court applied this limitations period in concluding that Patush's complaint was time-barred, the district court did not err in this regard.

Our determination that the two-year period set forth in NRS 11.190(4)(e) applies to wrongful termination claims accords with our caselaw in an analogous context, analogous federal authority, and other jurisdictions' caselaw. Where we have previously addressed the appropriate limitations period for an employment discrimination claim, we have similarly applied a two-year limitations period for a different type of employment-rights suit. *Palmer v. State*, 106 Nev. 151, 153, 787 P.2d 803, 804 (1990); *see also Torre v. J.C. Penney Co.*, 916 F. Supp. 1029, 1030 (D. Nev. 1996) (taking *Palmer* for the proposition that a two-year limitations period applied to a wrongful termination claim). Where the Ninth Circuit has considered the Nevada limitations period for a claim alleging a civil rights violation, it too has concluded that NRS 11.190(4)(e) provided the appropriate term within which to seek relief for a different type of violation of personal rights. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). The Ninth Circuit upheld as well the use of the personal-injury limitations period for wrongful termination claims in applying Arizona law. *Felton v. Unisource Corp.*, 940 F.2d 503, 512 (9th Cir. 1991). And the Fifth Circuit likewise held that the personal-injury limitations period provided the most analogous limitations period for a claim alleging wrongful termination for refusing to perform an illegal act. *Riddle v. Dyncorp Int'l Inc.*, 666 F.3d 940, 943 (5th Cir. 2012) (applying Texas law).

We are unpersuaded by Patush's arguments against applying the NRS 11.190(4)(e) limitations period. First, we reject Patush's argument that the "catch-all" provision in NRS 11.220 provides a four-year limitations period for wrongful termination claims because that provision does not apply where the court has found an analogous cause of action with an express statute of limitations. *See* NRS 11.220 ("An action for relief, not

SUPREME COURT
OF
NEVADA

(O) 1947A

hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued."); *Perry*, 132 Nev. at 773-74, 383 P.3d at 262 (applying the most closely analogous period rather than NRS 11.220). We next reject Patush's argument that the claim is more analogous to an action based on an unwritten contract. *See* NRS 11.190(2)(c) (providing a four-year limitations period for "[a]n action upon a contract, obligation or liability not founded upon an instrument in writing"). While a wrongful termination action arises out of the employee-employer special relationship, it does not require and is not based on an employment contract, whether written or not. *D'Angelo*, 107 Nev. at 712, 819 P.2d at 212. As we have discussed, the claim fundamentally seeks redress for a violation of personal rights protected by public policy, not of a contractual dispute. We also reject Patush's argument that NRS 11.190(4)(e) is void as unconstitutionally vague in violation of due process. NRS 11.190(4)(e) applies to "[a]n action to recover damages for injuries to a person . . . caused by the wrongful act . . . of another," which provides sufficient notice for a person of ordinary intelligence to understand what it applies to and specific standards to dissuade arbitrary enforcement. *See Flamingo Paradise Gaming, LLC v. Chanos*, 125 Nev. 502, 510, 217 P.3d 546, 551-52 (2009) (stating vagueness standard).

*Attorney fees are not warranted under NRS 18.010(2)(b) for a legitimate issue of first impression*

Lastly, Patush argues that her claim was not groundless so as to warrant an attorney fees award because resolution of the motion to dismiss required a decision on an issue of first impression. We agree, as we have not previously addressed the proper limitations period for wrongful termination claims.

The district court may award attorney fees to a prevailing party when it finds that the opposing party "brought or maintained [a claim] without reasonable ground[s]." NRS 18.010(2)(b). For these purposes, a claim is groundless if no credible evidence supports it. *Semenza v. Caughlin Crafted Homes*, 111 Nev. 1089, 1095, 901 P.2d 684, 687-88 (1995). Attorney fees are not appropriate where the underlying claim rested on novel and arguable issues, even if those issues were not resolved in the claimant's favor. *See Pub. Emps.' Ret. Sys. of Nev. v. Gitter*, 133 Nev. 126, 136, 393 P.3d 673, 682 (2017); *see also Crestline Inv. Grp., Inc. v. Lewis*, 119 Nev. 365, 372, 75 P.3d 363, 368 (2003) (denying attorney fees in an appeal arising from a dispute resting on an issue of first impression), *superseded by statute on other grounds as stated in Yonker Constr., Inc. v. Hulme*, 126 Nev. 590, 592, 248 P.3d 313, 314 (2010). As Patush's claim rested on the novel and arguable contention that it was timely in light of the limitations period stated in NRS 11.220, her claim was not brought without reasonable grounds. Accordingly, NRS 18.010(2)(b) attorney fees were not warranted. The district court therefore abused its discretion in awarding attorney fees. *See Gitter*, 133 Nev. at 136, 393 P.3d at 682.

Because Patush did not file her complaint alleging wrongful termination within the two-year limitations period set forth in NRS 11.190(4)(e), we affirm the district court's order in Docket No. 76062 dismissing the complaint as time-barred. However, as Patush's wrongful termination claim rested on a novel yet arguable construction of the limitations period, the district court should not have awarded attorney fees pursuant to NRS 18.010(2)(b), and we reverse the district court's order in Docket No. 76636 awarding attorney fees.

_____, J.
Stiglich

We concur:

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A