# IN THE SUPREME COURT OF THE STATE OF NEVADA

S. DREAMS LLC, A NEVADA LIMITED
LIABILITY COMPANY,
            Appellant,
vs.
MK HOUSE CONSULTING, INC., A
NEVADA CORPORATION,
            Respondent.

No. 77396



FILED

JAN 27 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from an interlocutory district court order denying a motion to expunge a mechanic's lien pursuant to NRS 108.2275. Initial review of the docketing statement and other documents before this court revealed that the challenged order may not be substantively appealable. Specifically, NRS 108.2275(8) provides that an appeal may be taken from an order entered under NRS 108.2275(6). NRS 108.2275(6)(c) provides that, if the district court determines that a notice of mechanic's lien is not frivolous and made with reasonable cause, the court shall enter an order awarding attorney fees and costs to the lien claimant. Here, the district court appeared to have determined that appellant's lien was not frivolous and was made with reasonable cause and, consequently, denied the motion to expunge the lien. However, the court did not award attorney fees and costs as required by NRS 108.2275(6)(c). It thus appeared that the challenged order was not appealable within the terms of NRS 108.2275, *cf. Yonker Constr., Inc. v. Hulme*, 126 Nev. 590, 592, 248 P.3d 313, 314 (2010) ("NRS 108.2275(8) allows appeals from interlocutory orders releasing a mechanic's lien only after subsection 6(a)'s mandate has been fully carried out, meaning that the court has directed the lien's release *and* awarded

attorney fees and costs."), and this court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.

Appellant contends in response that this matter is distinguishable from *Yonker* because in *Yonker* the district court deferred making an award of attorney fees and the issue remained pending at the time of the appeal. Here, however, respondent never requested any attorney fees and the district court did not defer ruling on attorney fees, so there is no pending issue related to attorney fees. Appellant also contends that this matter is distinguishable from *Yonker* because *Yonker* addressed the section of the statute relating to orders releasing a lien, NRS 108.2275(6)(a), while this matter involves the section of the statute relating to orders declining to release a lien, NRS 108.2275(6)(c).[1]

Consistent with this court's holding in *Yonker*, NRS 108.2275(8) allows an appeal from an order entered pursuant to NRS 108.2275(6)(c) only when the court has determined that the lien is not frivolous and was made with reasonable cause or was not in an excessive amount *and* awarded attorney fees and costs. *See id.* Appellant fails to demonstrate that the reasoning of *Yonker* should not apply to NRS 108.2275(6)(c). The statute

---

[1]NRS 108.2275(6) provides, in relevant part: "If, after a hearing on the matter, the court determines that:

(a) The notice of lien is frivolous and was made without reasonable cause, the court shall make an order releasing the lien and awarding costs and reasonable attorney's fees to the applicant for bringing the motion.

. . . .

(c) The notice of lien is not frivolous and was made with reasonable cause or that the amount of the notice of lien is not excessive, the court shall make an order awarding costs and reasonable attorney's fees to the lien claimant for defending the motion."

does not make an exception for situations where the lien claimant does not request attorney fees and costs nor does it require that such an award be preceded by a specific request for attorney fees and costs. We are bound by the statute's text, which of course the Legislature can amend if it chooses to do so.

Next, appellant asserts that any request for attorney fees and costs at this point, more than a year after entry of the challenged order, would be moot. Although appellant states that NRS Chapter 108 provides no time limit to request attorney fees, it contends that such a request now would be untimely and unreasonable. Thus, dismissing this appeal so the district court can address attorney fees and costs is unnecessary. Further, appellant would suffer severe prejudice from a dismissal of this appeal.

The timeliness of any request for attorney fees and costs by respondent may be taken into account by the district court when making the award of fees and costs required by NRS 108.2275(6)(c). Without an award of fees and costs by the district court, this court lacks jurisdiction to consider this appeal. This is so irrespective of any alleged prejudice to appellant resulting from the dismissal of this appeal for lack of jurisdiction. Accordingly, this court

ORDERS this appeal DISMISSED.[2]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

---

[2]Any aggrieved party may file a new notice of appeal once the district court enters an appealable order.

cc: Hon. Joanna Kishner, District Judge
Stephen E. Haberfeld, Settlement Judge
Mead Law Group
Howard & Howard Attorneys PLLC
Eighth District Court Clerk