# IN THE SUPREME COURT OF THE STATE OF NEVADA

RJS LEGACY, LLC, A DELAWARE
LIMITED LIABILITY COMPANY; AND
LISA SHAMBRO,
                 Appellants,
vs.
IBMS LLC, IN ITS OWN INDIVIDUAL
CAPACITY, AND DERIVATIVELY ON
BEHALF OF FOURTEENER, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; MITCHELL CHAIT; AND
DANIELLE SLAUGHTER, AS
SUCCESSOR INTERIM RECEIVER,
                 Respondents.

No. 82577

**FILED**

OCT 21 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order appointing a successor interim receiver. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Respondent IBMS LLC has filed a motion to dismiss this appeal for lack of jurisdiction. IBMS contends that NRAP 3A(b)(4) does not allow an appeal from an order appointing a successor receiver.[1] In opposition, appellants assert that the plain language of NRAP 3A(b)(4) allows an appeal from an order appointing a receiver and the challenged order appoints a receiver; the rule is not limited to orders appointing an initial

---

[1]IBMS also asserts that (1) the order is not appealable as a final judgment and (2) appellants cannot raise any arguments in this appeal related to the original order appointing a receiver. *See* NRAP 3A(b)(1). However, appellants specifically disclaim jurisdiction based on the entry of final judgment and appear to disclaim any attempt to appeal from the original order appointing a receiver.

receiver. Having considered the motion, opposition, and reply, this court agrees with IBMS.

NRAP 3A(b)(4) permits an appeal from a district court order "appointing or refusing to appoint a receiver or vacating or refusing to vacate an order appointing a receiver." This rules provides an exception to the final judgment rule by allowing an appeal from an interlocutory order. Therefore, the rule must be strictly construed. *Yonker Constr., Inc. v. Hulme*, 126 Nev. 590, 592, 248 P.3d 313, 314 (2010) ("Exceptions to the final judgment rule are narrowly construed."). So construed, NRAP 3A(b)(4) does not permit an appeal from a district court order appointing a successor receiver. Other courts have reached similar conclusions. *See City & Cty. of San Francisco v. Shers*, 46 Cal. Rptr. 2d 57 (Ct. App. 1995) (holding that a statute allowing an appeal from "an order appointing a receiver" does not allow an appeal from an order appointing a successor receiver); *Swate v. Johnston*, 981 S.W.2d 923, 925 (Tex. App. 1998) (concluding that a statute allowing an interlocutory appeal from "an order appointing a receiver" does not allow an appeal from an order appointing a successor receiver); *State v. Superior Ct. of Spokane Cty.*, 34 P. 431 (1893) (holding that a statute allowing an appeal "from an order appointing or removing or refusing to appoint or remove a receiver," does not permit an appeal from an order removing a receiver and appointing a more suitable person in his place); E. H. Schopler, Annotation, *Appealability of Order Appointing, or Refusing to Appoint, Receiver*, 72 A.L.R.2d 1009 § 2[a] (originally published in 1960) ("Irrespective of whether, as a general rule, an order appointing a receiver is subject to direct appeal in a particular jurisdiction, it has been held, with few exceptions, that an order merely substituting another receiver for one already appointed is not so appealable.").

As no other statute or court rule appears to allow an appeal from the challenged order, *see Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"), this court lacks jurisdiction. The motion to dismiss is granted and this court

ORDERS this appeal DISMISSED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Nancy L. Allf, District Judge
      Paul M. Haire, Settlement Judge
      Holland & Hart LLP/Las Vegas
      Snell & Wilmer, LLP/Las Vegas
      Gordon Law, LLC
      McNutt Law Firm, P.C.
      Eighth District Court Clerk