HELEN C. LEWIS *vs.* MATTHEW P. BROWNING.

Suffolk. Nov. 11, 1880. — Jan. 6, 1881. LORD & SOULE, JJ., absent.

If an offer is made by letter, in which the person making the offer requests an answer by telegraph "yes" or "no," and states that, unless he receives the answer by a certain date, he "shall conclude ' no,' " the offer is made dependent upon an actual receipt of the telegram on or before the date named.

CONTRACT for breach of the covenants of a written lease of a tenement in Boston. Trial in the Superior Court, without a jury, before *Rockwell,* J., who allowed a bill of exceptions in substance as follows:

The defendant admitted that there had been a breach of the conditions of the lease, and agreed that judgment might be entered for the plaintiff in the sum of $2168.22, unless the facts herein stated constituted a defence to this action.

The judge found that the defendant, who was a resident of New York in the year 1868, was, during the summer of that year, temporarily residing and practising his profession as a physician at Cape May, in the State of New Jersey, and that the plaintiff and her husband, Dr. Dio Lewis, residents of Boston at that time, were temporarily residing at Oakland, in the State of California; that, on June 10, 1878, Lewis, who was and still is the authorized agent of his wife, the plaintiff, wrote the defendant a letter, which was received by him, in which he requested the defendant to make him an offer for a new lease of

said premises.  The defendant replied, making such offer, by letter dated June 22, 1878.  In this letter the defendant gave, as a reason for desiring to make the new contract, his anxiety to be released from all claim by the plaintiff.

On July 8, 1878, Lewis wrote the defendant a letter, which he received on July 17, 1878, at Cape May, in which Lewis accepted the defendant's offer, with slight modifications, and which contained the following: " If you agree to this plan, and will telegraph me on receipt of this, I will forward power of attorney to Mr. Ware.  Telegraph me ' yes ' or ' no.'  If ' no ' I will go on at once to Boston with my wife, and between us we will try to recover our lost ground.  If I do not hear from you by the 18th or 20th, I shall conclude ' no.' "

The defendant, on said July 17, went to the telegraph office of the Western Union Telegraph Company in Cape May, wrote a telegraphic despatch directed to Dio Lewis, Oakland, Cal., delivered it to the telegraphic agent and operator of said company, and paid the full price for its transmission to Oakland, and gave directions to have it forwarded at once.  The defendant did not keep a copy of the telegram.  He gave notice to the plaintiff to produce the telegram, and testified that he had exhausted all the means in his power in Boston, New York and New Jersey, in his endeavors to produce the telegram; that he had been to the Cape May office of the company, and had learned that the operator to whom he gave his despatch was not in charge of that office; that he had made diligent search for him without being able to learn his whereabouts; and that in this search he had had the aid of the superintendent and other officers of the company in Boston.  He also offered to prove, by an officer of the company in Boston, that both by rule and custom of the company, so far as he knew the custom, the despatches received and sent from all the offices of the company were destroyed after they had been in the possession of the company six months.  If, under these circumstances, it was competent to prove the contents of said despatch by oral testimony, the judge found that the word telegraphed was " yes."

The judge also found that Lewis never received said telegram; that the new lease to be made, as stipulated in the letters of Lewis and the defendant, was to be like the former lease in

form, with the various modifications and changes contained in said letters, and was to be delivered in Boston, and the consideration then paid; and that the Mr. Ware mentioned in Lewis's letter was the plaintiff's attorney, residing in Boston.

The defendant contended that a contract was completed by said letters and telegram on July 17, under the law of the State of New Jersey; and that this case was controlled by the law of New Jersey. The judge found that the law of New Jersey is as stated in *Hallock* v. *Commercial Ins. Co.* 2 Dutcher, 268; ruled, as matter of law, that the facts as above set forth did not show a new contract, and constituted no defence to this action; and found for the plaintiff in the sum agreed upon. The defendant alleged exceptions.

*O. T. Gray,* for the defendant.

*D. E. Ware,* for the plaintiff, was not called upon.

GRAY, C. J. In *M'Culloch* v. *Eagle Ins. Co.* 1 Pick. 278, this court held that a contract made by mutual letters was not complete until the letter accepting the offer had been received by the person making the offer; and the correctness of that decision is maintained, upon an able and elaborate discussion of reasons and authorities, in Langdell on Contracts (2d ed.) 989–996. In England, New York and New Jersey, and in the Supreme Court of the United States, the opposite view has prevailed, and the contract has been deemed to be completed as soon as the letter of acceptance has been put into the post-office duly addressed. *Adams* v. *Lindsell,* 1 B. & Ald. 681. *Dunlop* v. *Higgins,* 1 H. L. Cas. 381, 398–400. *Newcomb* v. *De Roos,* 2 E. & E. 271. *Harris's case,* L. R. 7 Ch. 587. Lord Blackburn in *Brogden* v. *Metropolitan Railway,* 2 App. Cas. 666, 691, 692. *Household Ins. Co.* v. *Grant,* 4 Ex. D. 216. Lindley, J. in *Byrne* v. *Van Tienhoven,* 5 C. P. D. 344, 348. 2 Kent Com. 477, note *c.* *Mactier* v. *Frith,* 6 Wend. 103. *Vassar* v. *Camp,* 1 Kernan, 441. *Trevor* v. *Wood,* 36 N. Y. 307. *Hallock* v. *Commercial Ins. Co.* 2 Dutcher, 268, and 3 Dutcher, 645. *Tayloe* v. *Merchants' Ins. Co.* 9 How. 390.

But this case does not require a consideration of the general question; for, in any view, the person making the offer may always, if he chooses, make the formation of the contract which he proposes dependent upon the actual communication to himself

of the acceptance. Thesiger, L. J. in *Household Ins. Co.* v *Grant*, 4 Ex. D. 223. Pollock on Con. (2d ed.) 17. Leake on Con. 39, note. And in the case at bar, the letter written in the plaintiff's behalf by her husband as her agent on July 8, 1878, in California, and addressed to the defendant at Boston, appears to us clearly to manifest such an intention. After proposing the terms of an agreement for a new lease, he says : " If you agree to this plan, and will telegraph me on receipt of this, I will forward power of attorney to Mr. Ware," the plaintiff's attorney in Boston. " Telegraph me ' yes ' or ' no.' If ' no,' I will go on at once to Boston with my wife, and between us we will try to recover our lost ground. If I do not hear from you by the 18th or 20th, I shall conclude ' no.' " Taking the whole letter together, the offer is made dependent upon an actual communication to the plaintiff of the defendant's acceptance on or before the 20th of July, and does not discharge the old lease, nor bind the plaintiff to execute a new one, unless the acceptance reaches California within that time. Assuming, therefore, that the defendant's delivery of a despatch at the telegraph office had the same effect as the mailing of a letter, he has no ground of exception to the ruling at the trial.

*Exceptions overruled.*