[No. 2357]

## A. J. McCONE, RESPONDENT, v. DAVID C. ECCLES, APPELLANT.

[181 Pac. 134]

1. LIMITATION OF ACTIONS—NONRESIDENT DEFENDANT—PERSONAL PROPERTY WITHIN STATE.

In action to recover personal property, where defendant was a nonresident and rarely visited the state, the plea of the statute of limitations was not available, though property was situated in state.

2. SALES—PASSING OF TITLE—COMPLIANCE WITH CONDITIONS.

Where buyers enter into contract whereby title is to pass upon compliance with certain conditions imposed by seller, the conditions must be fully complied with before title passes.

3. APPEAL AND ERROR—REVIEW—FINDINGS.

Findings of the trial court are reluctantly disturbed, and will not be interfered with where there is substantial evidence to sustain them.

4. CONTRACTS—QUALIFIED ACCEPTANCE.

Where the terms of a letter of proposal are accepted with certain qualifications, contract is not complete until terms imposed by letter of acceptance are agreed to.

5. SALES—OFFER AND ACCEPTANCE—REVOCATION OF OFFER.

Seller, having offered to transfer title upon receipt of buyer's notes for unpaid purchase price, has the right to revoke such offer at any time prior to receiving such notes.

6. SALES—PASSING OF TITLE—AGREEMENT TO TRANSFER TITLE.

Seller's offer to transfer title upon receipt of buyer's notes for unpaid purchase price did not ripen into a complete contract until receipt by seller of buyer's notes.

APPEAL from Fourth Judicial District Court, Elko County; *E. J. L. Taber,* Judge.

Action by A. J. McCone against David C. Eccles. From judgment for plaintiff and from order denying new trial, defendant appeals. **Affirmed.**

*James Dysart* and *Boyd, DeVine, Eccles & Woolley,* for Appellant:

The plaintiff in a replevin suit must not allege, but must prove, by a preponderance of the evidence, that he is entitled to the immediate possession of the property at the time the action is commenced. Kipp v. Silverman, 64 Pac. 884; Gallick v. Bordeaux, 78 Pac. 583; Strong v. Morgan, 67 Pac. 448; Frank v. Symons, 88 Pac. 561.

The assignment of the contract was the best evidence. Plaintiff should have been compelled to rely upon same in support of his claim of ownership. Towdey v. Ellis, 22 Cal. 650; Price v. Wolfer, 52 Pac. 759; Barnett v. Williams, 7 Kan. 341; Crary v. Campbell, 24 Cal. 634.

The offer to accept notes in payment of the balance due under the contract, having been accepted, it was too late to attempt to withdraw the offer. 6 R. C. L. 605, 612.

Plaintiff's right to recover was barred by the statute of limitations. Rev. Laws, 4967. The burden was upon plaintiff to prove, by a preponderance of the evidence, that the action was not so barred. Adams v. Coon, 129 Pac. 851; McGehee v. Alexander, 127 Pac. 480; Vaughn v. Gatlin, 120 Pac. 273; Doe v. Hyland, 3 Pac. 388; Leavitt v. Shook, 83 Pac. 391; Shelby v. Shaner, 115 Pac. 785; Schwartz v. Stock, 26 Nev. 153.

The notes having been accepted, they took the place of the title-retaining contract. Linder Hardware Co. v. Pacific Sugar Co., 118 Pac. 785; Stanley v. McElrath, 22 Pac. 673; Sutter v. Moore, 70 Pac. 746; Garr, Scott & Co. v. Rogers, 148 Pac. 161; 29 Cyc. 1130; Bandmen v. Finn, 12 L. R. A. 1134. Where an offer is made by mail, the contract is complete the moment the party to whom the offer is made deposits the letter of acceptance in the postoffice, and it then becomes a binding contract, even though the letter of acceptance may never reach the party making the offer. 6 R. C. L. 603, 604; Weaver v. Burr, 3 L. R. A. 95. An offer by letter may be accepted by telegram. 6 R. C. L. 615. In order to make a withdrawal effective, it must be brought to the knowledge of the other party before acceptance. Sherwin v. National C. R. Co., 38 Pac. 392; Bailey v. Leishman, 89 Pac. 78; Turner v. McCormick, 67 L. R. A. 853; Cartensen & Anson Co. v. Wright, 138 Pac. 830; Sergist v. Crabtree, 33 L. Ed. 125.

*Carey Van Fleet* and *J. M. McNamara,* for Respondent:

Appellant was not a bona-fide purchaser, because the sale was conditional and the contract title-retaining.

35 Cyc. 680; Cardinal v. Edwards, 5 Nev. 41; Van Allen
v. Francis, 56 Pac. 340; Maxwell v. Tufts, 45 Pac. 980.

There is no question here of any completed contract
to·take the notes in payment. The agreement did not
amount to a novation, and there was no consideration
for it. 20 Cyc. 1130, 1135, 1138; Elliott on Contracts,
vol. 1, pp. 57, 440, 441; Bates v. Starr, 21 Am. Dec. 568.
"The offer may, however, be so worded that it may be
inferred therefrom that the confirmation of the con-
tract is to depend on the actual receipt of the accep-
tance." 6 R. C. L. sec. 35. The letters demanded an
actual receipt of the notes, and there was still necessary
the execution of a conveyance or a receipt. Haas v.
Meyers, 53 Am. Rep. 634. A contract is not closed while
any mutual act between the parties remains to be done
to give either the right to carry it into effect. Navajo
County v. Dolson, 126 Pac. 153; Seamans v. The Knapp
Stout Co., 61 N. W. 757; Elliott on Contracts, vol. 1, 52,
53; Kolb v. Dunlevie, 60 S. E. 388; Camp v. McLin, 52
South. 927.

When appellant took over the property he took over
also the contract. Robbins v. Milwaukee M. I. Co., 173
Pac. 635. The rights under the contract had not been
waived. Dillon v. Grutt, 38 Nev. 46.

The action was not barred by the statute of limita-
tions. To make the statute a bar, defendant must have
been within the state for the full time limited by the
statute after the cause of action accrued against him.
Wood on Limitations, sec. 245; Shinn on Replevin, sec.
298. Defendant's possession of the property does not
take the case out of the statutory exception. Rev. Laws,
4975; Robinson v. Imperial M. Co., 5 Nev. 44; Todman
v. Purdy, 5 Nev. 238; 25 Cyc. 1235.

By the Court, Coleman, C. J.:

On October 25, 1916, the respondent commenced this
action in claim and delivery to recover the possession of
certain specific personal property. To the complaint an
answer was filed denying ownership of the property in
the plaintiff, and pleading title thereto in defendant.

Defendant also pleaded the statute of limitations. This is an appeal from a judgment in favor of plaintiff, and from an order denying a motion for a new trial.

The facts are these: On June 1, 1912, the Nevada Engineering Works, a corporation (hereafter designated the company), entered into a written contract of sale with one George H. Davis of the property in question for the sum of $4,040, one-third payable upon the execution of the contract, one-third upon the delivery of the property, and the balance when the mill was erected upon certain mining property owned by the said Davis. It was further agreed that the title to the property was to remain in the company until the full purchase price was paid. The sum of $948 on account of the purchase price of the property was never paid. Prior to the institution of this suit the company, in writing, assigned its claim to the plaintiff. On September 7, 1912, negotiations were opened by Davis with the company, with a view on his part of executing his notes for the balance due, and taking title to the property. On September 13, 1912, the company wrote to Davis as follows:

"Dear Mr. Davis: We are enclosing herewith two notes for you to sign, with statements attached, showing the accounts settled by each. This is in accordance with your letter of September 7th.

"The first note is for $958.48, due October 10, 1912, and covers the balance due on the contract for the stamp-mill machinery, allowing you credit for your two cash payments of $1,346.66 each, and for the freight paid by you on the battery guides from San Francisco, $36.75, and on the oil engine, $331.45.

"The second note is for $1,052.69, due November 10, 1912, and covers the balance due on your account for supplies furnished as per our statement attached.

"We hope you will find both notes in order, and upon their return, properly executed, will attend to the matter of a bill of sale. * * * "

This letter was received by Davis at Salt Lake City,

Utah, on September 15. He executed the notes and mailed them to the company at Reno. As to the foregoing facts, it may be said there is no dispute. On the 17th of September, 1912, the company sent a telegram to Davis at Salt Lake City as follows:

"Will allow extension on your notes, but will not relinquish ownership of machinery,"— and on the same day sent a letter of like purport to him. It is contended that the company did not receive the notes, properly executed, until four days thereafter.

1. The first question which we will consider is the alleged error of the trial court in overruling the plea of the statute of limitations. It appears from the evidence in the record that the defendant was, at all times mentioned in the case, a resident of the State of Utah, and rarely came to Nevada between the date of the transfer of the property to him and the commencement of the suit. This question was under consideration by this court in Robinson v. Imperial Silver Mining Company, 5 Nev. 44, and in Todman v. Purdy, 5 Nev. 238, resulting in laying down a rule adverse to the contention of counsel for appellant. It is insisted that, since the question involved in this case relates to personal property which was at all times within the state, the rule established in the cases mentioned does not apply. In the case first mentioned the question affected realty, and the court dealt with the point here raised at some length, giving it careful and painstaking consideration. It is not insisted here that the reasoning of the court in that case is not sound; it is rather contended that this case does not fall within the rule there laid down, since the proposition of possession of personalty was not discussed. There is no force in this contention. The court did discuss the question with reference to the applicability of the statute to realty when the defense was sought to be made by a foreign corporation, and what was said as to realty applies with equal force to personal property, because in that case, as well as in the case at bar, the property in question was within the jurisdiction of the court, and

could have been reached by the process of the court at any time prior to the institution of the suit.

2. The next question which we will consider is the contention that the title to the property in question passed from the company to Davis before he transferred his interest to Eccles, and prior to plaintiff's assignment from the company. This contention grows out of the correspondence between the parties relative to the acceptance of notes by the company in settlement of Davis's indebtedness. The letter written by Davis to the company on September 7, 1912, we are unable to find in the record, but we think the fair inference to be drawn from the letter of September 13 is that the title should not pass until the notes, properly executed by Davis, were received by the company. If this is true, it would seem that the company had the legal right to withdraw its offer at any time prior to its receipt of the notes properly executed. This it did by the letter and telegram of September 17, in which it was stated that the company would refuse to accept the notes in payment of the indebtedness and transfer the title which it then had. We think it is the law that, when parties seek to enter into a contract to procure the transfer of title to property in the manner by which Davis sought to procure the transfer to him of the title to the property in question, it cannot be said that the title passes until after all of the conditions which have been imposed by the party from whom the title is to pass are complied with. The condition imposed by the company in this instance was the receipt by it, properly executed, of the notes in question. These notes it received four days after it had written Davis that it would not relinquish title to the property.

3. In this connection two points are urged by counsel for appellant. It is first asserted that the telegram sent by the company to Davis, in which it is said, "Will allow extension on your notes, but will not relinquish ownership of machinery," shows that the notes were already received by the company at the time the telegram was

sent.   The trial court found to the contrary, and we cannot say that it was not justified in so finding.   Findings of the trial court are reluctantly disturbed, and where there is substantial evidence to sustain a finding, as in the case here, there can be no justification for interfering with it.

4-6.  It is further contended in this connection that the contract between the parties was consummated, and that the title passed to Davis, upon the execution by him of the notes and the mailing of the same to the company, in reliance upon the general rule laid down in 6 R. C. L. at page 605.   There can be no doubt as to the correctness of the general rule of law contended for by counsel, but we cannot agree that it applies to the facts of this case.   The general rule is based upon an offer or proposal being made in one letter and of the unqualified acceptance of such offer in a letter in reply thereto.  On the other hand, it is an equally well-established rule that, where the terms of a letter of proposal are not accepted without qualification, but the offer is accepted with certain qualifications, no contract is complete until the terms proposed in the second letter are agreed to.  This rule is based upon the idea that there is a lack of mutuality up to that time.  6 R. C. L. p. 608.  Upon the same theory, the contract in the case at bar could not be complete until the terms imposed by the company, namely, that the title should not pass until receipt of the notes, properly executed, had been complied with.   This was a condition imposed by the company and accepted by Davis without protest, so far as the record shows.   The contract could not be complete until the company received the notes, and it had the right to revoke its offer at any time before the negotiations had ripened into a perfect contract.  As to the correctness of these views there can be no doubt.   The company could impose such reasonable conditions (and possibly unreasonable ones) as it might see fit; and, in view of the fact that mail is sometimes lost in transit, we think it not an unreasonable condition which was imposed by

the company prior to the passing of the title. Nor are we without authority to sustain this view. In Wald's Pollock on Contracts (Williston, 3d Ed.), on page 41, it is said:

"The practical conclusion seems to be that every prudent man who makes an offer of any importance by letter should expressly make it conditional on his actual receipt of an acceptance within some definite time. It would be impossible to contend that a man so doing could be bound by an acceptance which either wholly miscarried or arrived later than the specified time."

Denio, J., in Vassar v. Camp, 11 N. Y. at page 451, says:

"The defendants' counsel, however, maintains that, by a fair construction of the proposition made by the defendants in their letter of the 30th of August, it was made a condition that the contract should not become operative until the plaintiffs' assent had actually come to the knowledge of the defendants. Notwithstanding the rule of law which I have considered as settled by the judgment of the Court of Errors, I do not doubt but that a party proposing to contract may make it a condition that no bargain shall arise or be consummated until the affirmative answer of the other party shall be actually received by the party proposing."

Gray, C. J., in Lewis v. Browning, 130 Mass. 173, lays down the rule as follows:

"But this case does not require a consideration of the general question; for, in any view, the person making the offer may always, if he chooses, make the formation of the contract which he proposes dependent upon the actual communication to himself of the acceptance. Thesiger, L. J., in Household Ins. Co. v. Grant, 4 Ex. D. 223; Pollock on Con. (2d Ed.) 17; Leake on Con. 39, note. And in the case at bar the letter written in the plaintiff's behalf by her husband as her agent on July 8, 1878, in California, and addressed to the defendant at Boston, appears to us clearly to manifest such an intention. After proposing the terms of an agreement for a new lease, he says: 'If you agree to

this plan,. and will telegraph me on receipt of this, I will forward power of attorney to Mr. Ware,' the plaintiff's attorney in Boston. 'Telegraph me "Yes" or "No." If "No," I will go on at once. to Boston with my wife, and between us we will try to recover our lost ground. If I do not hear from you by the 18th or 20th, I shall conclude "No." ' Taking the whole letter together, the offer is made dependent upon an actual communication to the plaintiff of the defendant's acceptance on or before the 20th of July, and does not discharge the old lease, nor bind the plaintiff to execute a new one, unless the acceptance reaches California within that time. Assuming, therefore, that the defendant's delivery of a dispatch at the telegraph office had the same effect as the mailing of a letter, he has no ground of exception to the ruling at the trial."

See, also, 6 R. C. L. p. 615; 9 Cyc. 296; 13 C. J. 302.

In Morrill v. Tehama M. & M. Co., 10 Nev. 125, it was held that, in order to make a valid contract, an offer must be accepted according to its terms. The facts in the instant case are substantially the same as those in the case of Lewis v. Browning, supra. In that case a power of attorney was to be executed upon the receipt of a telegram, while in the case at bar the deal was to be consummated upon the receipt of notes properly executed. When Davis signed the notes and mailed them, it must be presumed that he accepted the offer of the company as embodied in its letter, according to its terms, and hence it cannot be said that a contract could have been in force until the notes were received, duly executed; and, the offer having been withdrawn before they were received, no contract was in fact consummated.

While there are several other errors discussed in the briefs, we think they are disposed of by what has been .said, or else turn upon questions of fact concerning which it may be said that there is sufficient evidence in the record to justify our refusal to disturb the findings of the court.

The judgment is affirmed.