MARIE S. HEFFERN, Appellant, v. JOHN G. VER-NARECCI and JOANNA VERNARECCI, Respondents.

No. 8026

January 28, 1976                    544 P.2d 1197

*Thornton, Stephens, Atkins & Kellison,* of Reno, for Appellant.

*Victor Alan Perry,* of Reno, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

John and Joanna Vernarecci, buyers, commenced this action against Marie Heffern, seller, to compel specific performance of an alleged written agreement for the sale of ranch property in Lyon County, Nevada. In defense, the seller contended that there had not been a meeting of the minds upon essential terms with the consequence that there was no agreement to be enforced. The district court found that an agreement was made and decreed specific performance. In our view, the record does not support that determination. Accordingly, we reverse and direct the entry of judgment for Marie Heffern.

Marie Heffern owns a 330-acre ranch in Lyon County. The property originally was two adjoining ranches. One of them, The Old Pittman Ranch, was about 150 acres in size, and the other, 180 acres. The entire property was encumbered by a deed of trust executed by Marie Heffern in favor of the First National Bank to secure an indebtedness of $27,500 which, at the time of trial, had been reduced to approximately $26,000.

The Vernareccis wished to purchase a ranch. They contacted a real estate broker who showed them the Heffern property. The Vernareccis decided to submit an offer for that part of the 330-acre tract known as The Old Pittman Ranch, but with one significant modification. A 40-acre parcel of that ranch had been stripped of its water rights and was dry. Consequently, the Vernareccis wished to substitute an adjoining 40-acre parcel on the other ranch which had water rights attaching.

An offer was prepared and submitted which did not specifically describe the property the Vernareccis had in mind. The description: "160 acres of T 14 N, R 25 E, M.D.B.&M." It provided for a purchase price of $56,000; a down payment of $50, $10,000 to later be placed in escrow (including the $50 down payment), and the buyers to execute a note and deed of trust in favor of the seller for $46,000, payable monthly at the rate of $306.06 with 7 percent interest for thirty years. The buyers were to receive 160 acre-feet of water. That offer was dated November 28, 1972, and was signed by the Vernareccis.

Several days later, the agent for the buyers mailed to the broker for the seller a rough plat map outlining the boundaries of the property to be purchased which map included the "wet" 40 acres and excluded the "dry."

On or about December 28, 1972, Marie Heffern signed and returned the offer with the notation: "This offer acceptable with initialed changes." The changes were not insignificant. The acreage to be sold was reduced from 160 acres to 150 acres; the buyers were to receive 125 acre-feet of water rather than 160 acre-feet; the purchase price was to remain the same; and a proper legal description of the property was to be supplied and approved in writing by the parties. Marie Heffern had never seen the rough plat map, although her agent had. It is apparent that when she submitted her counteroffer reducing the acreage from 160 acres to 150 acres, that she had in mind The Old Pittman Ranch which included the "dry 40 acres" and not the "wet" 40 acres which the Vernareccis wished to substitute.

In any event, her counteroffer was never accepted by the Vernareccis. This is very clear from the record because on January 22, 1973, the Vernareccis submitted another offer containing a precise description of the property they wished to purchase (including the "wet" 40 acres) and providing for payment of the balance of the purchase price ($46,000) on a yearly rather than a monthly basis. This final counteroffer was never accepted by Heffern.

It is manifest from the documentary evidence in this case that the parties never reached an agreement upon the precise property to be sold nor upon the manner in which the balance of the purchase price was to be paid. Moreover, nothing was ever settled with regard to the deed of trust over the entire property held by the First National Bank. Where essential terms of a proposal are accepted with qualifications, or not at all, an agreement is not made. McCone v. Eccles, 42 Nev. 451, 181 P. 134 (1919); McCall v. Carlson, 63 Nev. 390, 172 P.2d 171 (1946). Here, the November 28, 1972, offer was accepted with qualification, and the January 22, 1973, offer was not accepted at all.

Reversed, with direction to enter judgment for the defendant Marie Heffern.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.