**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIKE KUZACK, personal representative for Joseph F. Nascimento, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> WELLS FARGO BANK, NA, <br><br> Defendant - Appellee. | No. 12-17688 <br><br> D.C. No. 2:11-cv-01049-JCM-GWF <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 10, 2015**
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Mike Kuzack, personal representative for Joseph Nascimento, appeals the

decision of the district court granting summary judgment to Wells Fargo Bank.

Nascimento alleged that Wells Fargo breached its agreement to pay Nascimento

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

$750,000.00 to settle a dispute over Nascimento's $20,000.00 home equity line of credit. Nascimento based his claim on a series of four letters that he said he received from Wells Fargo and Wells Fargo's predecessor-in-interest, Wachovia Bank. These letters each purported to accept Nascimento's settlement demand of $750,000.00 in exchange for Nascimento's release of all claims against the banks.

We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's decision de novo, *Ambat v. City & Cnty. of S.F.*, 757 F.3d 1017, 1023 (9th Cir. 2014), we affirm.

It is well established in Nevada that an agreement is not made "[w]here essential terms of a proposal are accepted with qualifications, or not at all . . . ." *Heffern v. Vernarecci*, 544 P.2d 1197, 1198 (Nev. 1976). Instead, the addition of material terms that cannot be implied from the original offer transforms the purported acceptance into a rejection of the original offer and a counter-offer. *See May v. Anderson*, 119 P.3d 1254, 1258 (Nev. 2005); *Heffern*, 544 P.2d at 1198; *see also* 17 C.J.S. *Contracts* § 54.

Assuming for purposes of summary judgment that the four letters were authored by the banks, none of the letters were valid acceptances of Nascimento's settlement offer because they each added material terms that could not be implied from Nascimento's original offer. Therefore, the letters constituted four separate

2

counter-offers that required Nascimento's acceptance. *See Heffern*, 544 P.2d at 1198. Because Nascimento did not accept these counter-offers, we agree with the district court that an agreement was not formed under Nevada law. *See id.*

**AFFIRMED.**